[S. F. No. 9318. In Bank.—December 6, 1921.]

CHARLES G. MINIFIE et al., as Executors, etc., Appellants, v. FORREST S. ROWLEY et al., Respondents.

[1] PARTNERSHIP — DEATH OF PARTNER — RIGHT OF SURVIVOR.—As against a surviving partner, the administrator or executor of a deceased partner has, under the provisions of the Code of Civil Procedure, no power to handle the property or settle the affairs of the partnership, for the right to the possession, control, and disposition of the partnership property vests in the surviving partner, who has full authority to consummate all acts necessary to liquidate the affairs of the partnership.

[2] ID.—RECOVERY OF PARTNERSHIP PROPERTY—PLEADING—PARTIES.— Where all the partners die before the liquidation of the partnership affairs has been completed, the executors of the will of the last surviving partner are entitled to bring an action for the recovery of partnership property without joining the executors of the wills or administrators of the estates of the other deceased partners.

[3] STATUTE OF LIMITATIONS — PROMISSORY NOTE — PAYMENT OF INTEREST—LETTER—NEW CONTRACT.—Where payment of interest on a promissory note after the expiration of the statutory period of limitation is accompanied by a letter evidencing such payment, the acknowledgment of the debt is "contained in some writing," within the meaning of section 360 of the Code of Civil Procedure, even though the letter in and of itself does not contain a distinct recognition of the liability.

[4] ID.—DEBTOR AS EXECUTOR—TOLLING OF STATUTE.—Where a debtor becomes the executor of the will of his creditor, he is chargeable with the amount of the indebtedness as for so much money in his hands and continues liable therefor, irrespective of the running of the period of the statute of limitations against the debt itself, by reason of the change in the character of his obligation due to his intervening fiduciary capacity.

[5] CORPORATIONS—DISREGARD OF ENTITY.—Before the acts and obligations of a corporation can be legally recognized as those of a particular person, and *vice versa*, it must be made to appear that the corporation is not only influenced and governed by that person, but that there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased, and that the facts are such that an adherence to the fiction of the separate existence of the corporation

187 Cal.—31

would, under the particular circumstances, sanction a fraud or promote injustice.

[6] ID.—PROMISSORY NOTE OF CORPORATION—LIABILITY OF INDIVIDUAL —IDENTITY OF PARTIES.—An individual is personally liable on a corporation note given in renewal of his individual notes, where such corporation is but the double or *"alter ego"* of the individual and no dealings exist between the debtor and the corporation as distinct from the individual.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Percy E. Towne, Metson, Drew & Mackenzie, Heller, Powers & Ehrman, and Heller, Ehrman, White & Mc-Auliffe for Appellants.

Mastick & Partridge and H. F. Chadbourne for Respondents.

LENNON, J.—Demurrers to the complaint in the present action were sustained without leave to amend and a judgment was rendered in favor of defendants, from which plaintiffs appeal.

In the complaint, which is under attack, it is alleged that on July 8, 1907, defendant Forrest S. Rowley was indebted to the partnership of Jones & Givens in the sum of ten thousand dollars, the indebtedness being evidenced by two promissory notes of said defendant for the sum of five thousand dollars each, dated July 8, 1907. On January 3, 1910, Forrest S. Rowley, "for the purpose of renewing said notes of July 8, 1907, and for the purpose of continuing in existence the evidence of said indebtedness," delivered to said Jones & Givens a certain promissory note, executed by the Rowley Investment Company, for ten thousand dollars, due one day after date and bearing interest at the rate of four per cent per annum from date until paid. For several years the Rowley Investment Company paid the interest on the note, making its last payment on January 6, 1914, by a check accompanied by a letter reading:

"San Francisco, California, January 6th, 1914.
"Jones & Givens,
    "8th Floor Crocker Bldg.,
        "San Francisco, Calif.
"Gentlemen:
    "Herewith check 8889—Amount 100.00 in payment 3 months interest due you on $10,000 loan. That is to say interest from October 3rd, 1913, to January 3rd, 1914.
                "Very truly yours,
        "(Signed) THE ROWLEY INVESTMENT Co. (INC.)"

In 1913, Charles S. Givens, one of the members of the partnership which held the ten thousand dollar note, died and Samuel Jones, as surviving partner of the said firm of Jones & Givens, continued in possession of the partnership funds, securities, and assets and engaged in the liquidation of the affairs of said copartnership. Prior to the completion of the liquidation, and also prior to the conclusion of the administration of the estate of Charles S. Givens, deceased, the surviving partner, Samuel Jones, died, on May 1, 1915. Subsequently plaintiffs, Charles G. Minifie and Ralph T. Jones, and defendant Forrest S. Rowley were appointed and qualified as executors of the will of Samuel Jones. The ten thousand dollar note and the interest thereon falling due after January 3, 1914, remained unpaid. The present action for the amount of said note, and interest, was commenced January 20, 1919, by Charles G. Minifie and Ralph T. Jones, as executors of the will of Samuel Jones, deceased, against the Rowley Investment Company and Forrest S. Rowley, who refused to join as plaintiff.

Both defendants demurred to the complaint upon the same grounds, eight in number. The first ground relied upon was that of misjoinder of parties in this respect: That the executors of the will of Samuel Jones, the last surviving partner, brought the action without joining, either as plaintiffs or defendants, the executors of the will of Charles S. Givens, the other deceased partner. The first question to be considered is, therefore, whether the executors of the will of the deceased partner, Charles S. Givens, were necessary parties to the action.

[1] As against a surviving partner, the administrator or executor of a deceased partner has, under the provisions of

our Code of Civil Procedure, no power to handle the property or settle the affairs of the partnership, for the right to the possession, control, and disposition of the partnership property vests in the surviving partner, who has full authority to consummate all acts necessary to liquidate the affairs of the partnership. (Code Civ. Proc., sec. 1585; *Berson* v. *Ewing,* 84 Cal. 89, [23 Pac. 1112]; *Cooley* v. *Miller & Lux,* 168 Cal. 120, [142 Pac. 83]; *Raisch* v. *Warren,* 18 Cal. App. 655, 665, [124 Pac. 95].) While the code thus specifically provides for the control of the partnership property as long as some member of the firm survives, there is no law expressly applying in the event that all of the partners die before the liquidation of the partnership affairs has been completed, which is the situation here presented. It is, however, unnecessary in this case to determine what the rights of the representatives of the estates of the respective partners may be in such a situation in regard to the management and disposition of the partnership property. [2] Without deciding that question, it is clear that under the general law the executors of the will of the last surviving partner are entitled to bring the present action for the recovery of partnership property without joining the executors of the will of the deceased partner, Charles S. Givens. In actions upon claims for or against the partnership, the surviving partner may sue or be sued alone, and in such actions by or against the surviving partner the executors or administrators of a deceased partner are not necessary parties. (*Corson* v. *Berson,* 86 Cal. 433, [25 Pac. 7].) Section 1582 of the Code of Civil Procedure provides: "Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by or against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates." There is no law expressly or impliedly altering the operation of section 1582 of the Code of Civil Procedure, in cases where the decedent is a surviving partner. Therefore, since the present action for the recovery of the money alleged to be due the partnership was one which might have been maintained by the surviving partner, Samuel Jones, during his lifetime without

joining the executors or administrators of his deceased partner, the right and duty of instituting this action passed to and devolved upon the executors of the will of said Samuel Jones.

[3] Although the note sued upon matured January 4, 1910, and the present action was brought January 20, 1919, the demurrers cannot be sustained upon the grounds that the action is barred by the provisions of either section 337 or section 343 of the Code of Civil Procedure. Under section 337 of the Code of Civil Procedure the note would have been barred on January 4, 1914, four years from the date of maturity, but subsequent to that date, on January 6, 1914, the Rowley Investment Company made a payment of interest on the note, accompanied by a letter evidencing the said payment, which is quoted above. It is doubtful whether the letter in question contained a distinct, unqualified, unconditional recognition of the obligation as due at the date of the writing so as to amount, in and of itself, to an acknowledgment or promise sufficient to take the case out of the operation of the statute of limitations under the provisions of section 360 of the Code of Civil Procedure, as that section has been interpreted by this court. (*Biddel* v. *Brizzolara,* 56 Cal. 374, 382; *Pierce* v. *Merrill,* 128 Cal. 473, 476, [79 Am. St. Rep. 63, 61 Pac. 67]; *Powell* v. *Petch,* 166 Cal. 329, [136 Pac. 55].) However, it is unnecessary for the letter itself to amount to a written promise or acknowledgment of the debt as due, for it accompanied a payment of interest.

Section 360 of the Code of Civil Procedure is as follows: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby." The effect of this provision is not to require that the new or continuing contract must consist of a *written* acknowledgment or promise. There may be an acknowledgment by conduct, as well as by words. In the case of a part payment, for instance, of either principal or interest, the conduct itself has always been deemed, unless accompanied by qualifications, an unequivocal acknowledgment of a subsisting contract or liability from which a new contract to pay the debt must be inferred. (*Barron* v. *Kennedy,* 17

Cal. 574, 577.) Section 360 of the Code of Civil Procedure makes no attempt to regulate the character of the acknowledgment itself; its sole purpose is to alter the form of the evidence by preventing parol proof of the acknowledgment or promise whether the latter be in the form of words or acts. (*Pena* v. *Vance*, 21 Cal. 142; *Concannon* v. *Smith*, 134 Cal. 14, 20, [66 Pac. 40].) Therefore, where an act of payment after the statutory period is evidenced by a clear and unqualified written memorandum, the acknowledgment is "contained in some writing" within the meaning of the code section even though the writing itself does not contain a distinct recognition of a subsisting liability. The acknowledgment consists of the act of payment, from which a new contract is inferred. The new contract arose, therefore, on January 6, 1914, and that fact removed the case from the operation of the statute of limitations in so far as the bar attaching on January 4, 1914, is concerned. Notwithstanding this circumstance, however, the action was not brought within time unless there are other facts which prevented the bar of the statute of limitations from attaching, or removing the bar if any did attach, between January 6, 1914, the date of the making of the new promise, and January 20, 1919, the date on which the present complaint was filed.

[4] On June 3, 1915, defendant Forrest S. Rowley was appointed an executor of the will of Samuel Jones, the last surviving partner of the firm to which the debt herein sued upon is alleged to have been due. "The naming of a person as executor does not thereby discharge him from any just claim which the testator has against him, but the claim must be included in the inventory, and the executor is liable for the same, as for so much money in his hands, when the debt or demand becomes due." (Code Civ. Proc., sec. 1447.) As a necessary consequence, if defendant Forrest S. Rowley owed the ten thousand dollars here in controversy on June 3, 1915, when he became executor, he became chargeable with that sum as for so much money in his hands and continued liable therefor, irrespective of the running of the period of the statute of limitations against the debt itself, by reason of the change in the character of his obligation due to his intervening fiduciary capacity. (*Treweek* v. *Howard*, 105 Cal. 434, [39 Pac. 20].) It is

apparent from what has previously been said that this ten thousand dollar debt was not barred on June 3, 1915; the sole question is, therefore, whether the defendant Forrest S. Rowley was individually liable upon that debt. While the ten thousand dollar note was signed, and interest paid, according to the complaint, not by defendant Forrest S. Rowley, but by the Rowley Investment Company, nevertheless plaintiffs claim that the facts alleged in the complaint are sufficient to justify a disregard of the corporate entity of the Rowley Investment Company and compel a recognition of the liability of Forrest S. Rowley on the note.

[5] Before the acts and obligations of a corporation can be legally recognized as those of a particular person, and *vice versa,* the following combination of circumstances must be made to appear: First, that the corporation is not only influenced and governed by that person, but that there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased; second, that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice. (*Erkenbrecher* v. *Grant, ante,* p. 7, [200 Pac. 641]; *Llewellyn Iron Works* v. *Abbott Kinney Co.,* 172 Cal. 210, [155 Pac. 986].) The complaint in the present action must comply with these tests if it is to be upheld upon the theory of the identity of the Rowley Investment Company with the defendant Forrest S. Rowley.

[6] The allegations of the complaint are, in part, to the effect that defendant Rowley is and at all times since September, 1908, has been the owner and holder of all the subscribed, issued, and outstanding capital stock of the said corporation, excepting only a sufficient number of shares necessary to qualify other persons to act as directors, not exceeding one share to each of such persons; that he at all times mentioned controlled the board of directors thereof; that at all times mentioned he was the representative of and only person interested in the said corporation. There is, therefore, an adequate observance of the first requirement above set forth, for plaintiffs do not merely aver that the Rowley Investment Company was an instrumentality which was used for the individual benefit of the defendant Rowley,

but, in substance and effect, allege that the corporation was but the double, or *"alter ego"* of the defendant Rowley. That is to say, they allege facts showing the virtual identity of the two defendants.

With regard to the second requisite, it must be conceded that the allegations of the complaint are not as definite as might be desired and the interests of clarity would doubtless be subserved by an amendment in this respect. Nevertheless, the complaint is not fatally defective, the allegations being sufficient to reveal a situation justifying a disregard of the corporate entity. It is not necessary, as defendants contend, that the complaint allege actual fraud; it is sufficient if the facts set forth disclose that the dealings were in form with a corporation but in reality with an individual and that a refusal to recognize this fact will bring about inequitable results. (*Erkenbrecher* v. *Grant, supra; Colonial Trust Co.* v. *Montello Brick Works,* 172 Fed. 310, [97 C. C. A. 144] ; Civ. Code, sec. 3528.) Upon this phase of the case it is alleged in the complaint that the defendant Rowley was indebted to the partnership in the sum of ten thousand dollars, evidenced by his individual promissory notes. For the purpose of renewing these notes he made and delivered to the creditor a new note, signed by the Rowley Investment Company, a corporation, which was at that time and continued to be but the *"alter ego"* of the said defendant Rowley, there being no dealings between the partnership and the corporation as distinct from the individual Rowley. Having subsequently become an executor of the will of one of the partners, defendant Rowley now seeks to avoid the incidents of his fiduciary relationship solely by reliance upon the fiction of the independent existence of an organization which was in effect nothing more than a form assumed by him in his business dealings. The case is, therefore, distinguishable from the case of *Erkenbrecher* v. *Grant, supra,* recently decided by this court, for in that case, as stated in the opinion, the dealings in the corporate form were wholly devoid of inequitable results, whereas in the instant case the assumption of that form will result in the avoidance of a legal obligation, unless equity intervenes to prevent this injustice. This equity does by penetrating the fiction of the independent existence of the corporation.

The discussion and disposition of this last point disposes of the remaining grounds of the demurrer. If the identity of Forrest Rowley and the Rowley Investment Company is recognized, then there is no uncertainty, or unintelligibility, or ambiguity in the allegation to the effect that the note executed by the corporation was made, executed, and delivered by defendant Rowley, and there is no misjoinder of parties defendant. Likewise, in view of what has been said, we see no merit in the general demurrer.

The judgment is reversed, with directions to the court below to enter an order overruling the demurrers.

Sloane, J., Wilbur, J., Shaw, C. J., Waste, J., and Richards, J., *pro tem.*, concurred.

Rehearing denied.

All the Justices concurred, except Lawlor, J., who was absent.