STANDARD PLUMBING SUPPLY CO. *vs.* MASSAMINO LACONTE
& another.

Suffolk.   November 6, 1931. — December 4, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Guaranty.  Contract,* Construction.  *Corporation,* As successor to partnership.

At the hearing of a suit in equity under G. L. c. 214, § 3 (9), to establish and enforce an alleged debt under a guaranty in writing, it appeared that, previous to the execution of the guaranty by the defendant, a son of the defendant, who lived with him, and a third person were engaged in business as partners under a name apparently that of a corporation; that the partners interviewed the plaintiff, informed him that they were in business together as a corporation and opened with him an account in the business name which ran, with many items of charges and of credit, for about two years.  About three months after the account was opened, the business was incorporated, but the name was not changed on the plaintiff's books and the plaintiff did not notice any change in the form of checks used by the debtor for payment.  A little over a month after the account originally was opened, the defendant, being told by one of the partners that his son "would get no credit" unless the guaranty was signed, executed without a seal the document which was in substance as follows: "I, . . . [the defendant] sole owner of the property . . . [which included the place of business of the partnership] do hereby guarantee any and all purchases made by the . . . Company [the name given to the plaintiff by the partners] and hereby authorize the . . . [plaintiff] to regard this document as a guarantee on my part for all materials purchased in the name of the . . . Company with the understanding that above mentioned property becomes and is security for such purchases, until such time as this guarantee is rescinded and it is further understood and agreed that this document cannot be rescinded until the account between the . . . Company and the . . . [plaintiff] is paid in full."  Upon an appeal from a decree for the plaintiff, the defendant stated, in substance, that the only issue to be contested arose out of the establishment of the debt.  *Held,* that

(1) Whether such instrument was a limited or a continuing guaranty was to be ascertained by giving effect to the intention of the parties as manifested by the terms of the guaranty read in relation to the circumstances under which it was given;

(2) In the circumstances, the instrument should be construed to import an intention of the defendant to create an obligation to the plaintiff, when the plaintiff should receive and accept the instrument, which should cover all materials then purchased from the plaintiff

and "the account between the . . . Company" and the plaintiff until such account was "paid in full";

(3) A finding by the judge that the guaranty was "absolute" was warranted;

(4) In the circumstances, the guaranty being absolute, no notice by the plaintiff to the defendant of acceptance of the guaranty was necessary;

(5) A finding by the judge that the incorporation of the debtor effected no real change in the relations between the plaintiff and the debtor was warranted;

(6) The decree for the plaintiff was affirmed.

BILL IN EQUITY, filed in the Superior Court on July 3, 1930, and described in the opinion.

In the Superior Court, the suit was heard by *Sisk*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material facts found by the judge are stated in the opinion. Request for ruling 1 (a) was as follows: "1 (a) On all the evidence, the bill should be dismissed, because the guarantee in question only covered the amount due from the Commercial Plumbing and Heating Company to the plaintiff on November 28, 1928, and that the amount then due has been paid." Requests 7, 8 and 9 related only to the question of fraudulent conveyance by the principal defendant, and were waived on appeal.

A final decree for the plaintiff was entered. The defendants appealed.

*J. Spiegel*, for the defendants.

*I. J. Gornstein*, for the plaintiff.

PIERCE, J. This is a bill in equity to establish a debt alleged to be owed by the principal defendant, hereinafter called the defendant, to the plaintiff by reason of a written guaranty given by him to it, and to have applied to the payment of such debt a certain parcel of real estate alleged to have been fraudulently conveyed through a third person to himself and the other defendant, his wife. The evidence taken at the trial in the Superior Court and the findings of fact made by the trial judge appear in the record of the case before this court. The defendant, who appealed from a final decree in the Superior Court, at the hearing on that appeal stated, in substance, that the only issue to be con-

tested arose out of the establishment of the debt, and we shall consider his appeal on that footing.

The defendant at the trial admitted that he signed the instrument, a copy of which, set out in the bill of complaint, reads as follows: "I, Massamino LaConte, sole owner of the property located at numbers 41, 43, and 45 Tappan Street, Everett, County of Middlesex, Massachusetts, do hereby guarantee any and all purchases made by the Commercial Plumbing and Heating Company and hereby authorize the Standard Plumbing Supply Company to regard this document as a guarantee on my part for all materials purchased in the name of the Commercial Plumbing & Heating Company with the understanding that above mentioned property becomes and is security for such purchases, until such time as this guarantee is rescinded and it is further understood and agreed that this document cannot be rescinded until the account between the Commercial Plumbing and Heating Company and the Standard Plumbing Supply Company of Roxbury, Boston, Massachusetts, is paid in full. Dated this 28th day of November in the year of our Lord Nineteen hundred and twenty-eight. Massamino LaConte." The trial judge ruled that the signed instrument in the record marked exhibit "A" is "an absolute guaranty of payment by . . . [the principal defendant] to the complainant of all indebtedness of the Commercial Plumbing and Heating Company."

As respects the consideration, if any, for the guaranty, the defendant makes no issue in his requests for rulings or in his brief. He makes two points in support of his requests for rulings, hereinafter referred to, "First, that the guaranty is a guaranty only up to and including November 28, 1928," and, second, that "if it is a continuing guaranty it can only continue up to the date of the formation of the corporation which was January 23, 1929." Whether the instrument signed by the defendant is a limited or continuing guaranty is to be ascertained by giving effect to the intention of the parties as manifested by the terms of the guaranty read in relation to the circumstances under which it was given.

The facts in reference to the defendant's undertaking as found by the trial judge in substance are as follows: The plaintiff is and was during the time covered by the evidence a corporation dealing in plumbing supplies in Boston. On October 17, 1928, one George G. LaConte and Frederic J. McCarthy did business as copartners under the style and name of Commercial Plumbing and Heating Company at a place of business in a garage connected with the premises at 41 Tappan Street, Everett, Massachusetts. George G. LaConte is a son of the defendant and lived with his father at said 41 Tappan Street. On or about October 17, 1928, LaConte, the son, and McCarthy saw the treasurer of the plaintiff, told him they were in business together and that the Commercial Plumbing and Heating Company was a corporation. The treasurer of the plaintiff testified that at all times he thought the Commercial Plumbing and Heating Company was a corporation. On October 17, 1928, the plaintiff opened an account with the "Commercial Plumbing and Heating Company, address 41 Tappan Street, Everett." There were many charges and credits on this account. The last charge shown on the account was dated September 21, 1929. The last credit on the account was September 16, 1930. On November 28, 1928, there was due the plaintiff on this account $1,305.98. "It was not in dispute that the total claim of the plaintiff against the Commercial Plumbing and Heating Company was $2,853.04." The trial judge found that the treasurer of the plaintiff called on the defendant at Everett a day or two before the guaranty was signed. The conversation then had between the defendant and the treasurer of the plaintiff corporation was later ordered struck from the record as being inadmissible to control the document signed by the defendant. It appears in the testimony of the defendant that immediately before he signed the paper he was told by McCarthy or his son that he (the son or McCarthy) "would get no credit if I do not sign the paper," and then he signed the paper. In consideration of the fact that the business of the son was carried on at 41 Tappan Street, that the son who owned the business lived with the father at 41 Tappan

Street, of testimony of the defendant, and of the terms of the guaranty, we think the words of the signed instrument should be construed to import an intention of the defendant to create an obligation to the plaintiff, when the plaintiff should receive and accept the paper, which should cover all materials then purchased from the plaintiff and "the account between the Commercial Plumbing and Heating Company and the Standard Plumbing Supply Company . . . [until such account was] paid in full." It follows that the words of the guaranty were rightly construed by the trial judge and that the guaranty was not limited as matter of law, as the defendant contends, to the indebtedness due to the plaintiff at the time it was given.

The facts found warranted the ruling that the guaranty was an absolute one and are, therefore, an answer to the contention of the defendant that there can be no recovery based upon the terms of the signed paper, because, as he alleges, there is no evidence that the plaintiff notified the signer of the guaranty of its acceptance of the guaranty within a reasonable time. Indeed the facts surrounding the execution of the guaranty warranted a finding that the instrument was executed at the request of the plaintiff, the son of the defendant, and the partner of the son in contemplation of future indebtedness of the son and his partner to the plaintiff. The kind of notice required in the case of an alleged continuing guaranty depends upon the situation of the parties and the inferences fairly to be drawn from the previous dealings, if any, in regard to the matter. *Bishop* v. *Eaton*, 161 Mass. 496, 499. *Lennox* v. *Murphy*, 171 Mass. 370. *Lynn Safe Deposit & Trust Co.* v. *Andrews*, 180 Mass. 527. *Stauffer* v. *Koch*, 225 Mass. 525, 530.

It appears in the record and the findings of the trial judge that on January 23, 1929, a corporation was organized by the said George G. LaConte, the said Frederic J. McCarthy and one Ernest J. Macleod under the name of Commercial Plumbing & Heating Company, Inc.; that thereafter no change was made by the plaintiff on its books as to the name Commercial Plumbing and Heating Company; that the

account was kept as a running account from the time it was opened on October 17, 1928, until it was closed on September 21, 1929; that while the checks of the corporation came to the office of the plaintiff, no change was noticed in the form of the checks. The evidence in the record supports the finding of the trial judge that "There was no real change in the relations between the plaintiff and the Commercial Plumbing and Heating Company after January 23, 1929. Before that date George G. LaConte was the owner of all the property of the Commercial Plumbing and Heating Company. McCarthy was his employee. After January 23, 1929, George G. LaConte was the real owner of the corporation, owning ninety-five shares, McCarthy receiving four shares, and Macleod one share for their services as counsellors and advisers." We are of opinion that upon all the evidence reported and upon the inferences fairly to be drawn therefrom the findings of the trial judge were warranted.

It follows that the requests for rulings 1a, 7, 8 and 9 were refused rightly as were requests 2, 3, 4, 5 and 6, because inapplicable upon the facts stated.

*Decree affirmed with costs.*