[L. A. No. 13078. In Bank.—December 15, 1931.]

D. N. & E. WALTER & COMPANY (a Corporation), Appellant, v. H. LEW ZUCKERMAN, Respondent.

Ben C. Cohen and Leo Shapiro for Appellant.

S. W. Newman for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the defendant Zuckerman.

The plaintiff seeks to hold said defendant on his written guarantee that Joe Goldberg, doing business under the name of "Home Builders Supply Co.", would pay for goods supplied him. The defense interposed was that the balance of $2,567.22, admittedly due the plaintiff, was for goods furnished to "Home Builders Supply Co.", a corporation, whose account it was claimed the defendant Zuckerman had not guaranteed.

The essential facts are not disputed. For many years Joe Goldberg was engaged in business under the name of "Home Builders Supply Co." On December 5, 1924, and while Goldberg was so engaged, Zuckerman executed the guarantee relied upon. From that time forward the plaintiff furnished merchandise to "Home Builders Supply Co." on an open book account. On May 3, 1926, Goldberg duly filed articles of incorporation of "Home Builders Supply Company". All of the capital stock of the corporation excepting shares to qualify directors was, pursuant to a permit issued by the commissioner of corporations, issued to Goldberg, and he has continued to hold all of said capital stock. The merchandise on account of which the balance of the purchase price is now sued for, was furnished after the organization of the corporation. The account during said time as theretofore was billed to "Home Builders Supply Co." at the same address. Before the incorporation, payment checks were issued to the plaintiff and signed "Home Builders Supply Co., by Joe Goldberg". After the incorporation the checks were signed "Home Builders Supply Co., a corporation, by Joe Goldberg, president". It may fairly be said that the plaintiff had at least constructive notice of the incorporation, but it was not shown that the plaintiff did not continue to rely on the guarantee of Zuckerman. Goldberg became involved financially and the plaintiff sued Zuckerman as guarantor of the account. Findings and judgment went for said defendant on the theory that the incorporation and Goldberg's transaction of business under the name of the corporation so changed the relationship of Zuckerman as to release him as guarantor. Whether such was the effect is the main subject of controversy.

We think the trial court was in error in its conclusion on the undisputed facts. The corporation was distinctly a one-man corporation. It was Goldberg's *alter ego*, completely owned, dominated and controlled by him. This was also true as to the business formerly conducted by him under the same name. To all intents and purposes Goldberg at all times involved herein continued to transact business under the name of "Home Builders Supply Co." The separateness of the person and the corporation would of course be recognized if no inequitable results would follow. But where, as here, an inequitable result would follow the two should be considered as one, and the doctrine of *Minifie* v. *Rowley*, 187 Cal. 481 [202 Pac. 673], and *Wenban Estates, Inc.*, v. *Hewlett*, 193 Cal. 675 [227 Pac. 723], would apply.

The defendant Zuckerman stresses the strictness with which the law regards the rights of a guarantor, and argues that the obligation should not be extended in favor of any person other than the one expressed in the agreement. But under the facts of this case we are of the opinion that the corporation, as the *alter ego* of Goldberg, was necessarily included within the terms of the guarantee.

The judgment is reversed.

Richards, J., Seawell, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.