### In re STERLING.

### BERNSTEIN et al. v. LAUGHARN.
### No. 8666.

Circuit Court of Appeals, Ninth Circuit.
June 2, 1938.

For prior opinion, see 96 F.2d 616.

Roland G. Swaffield and Thomas F. McCarry, both of Los Angeles, Cal., for Bernstein et al.

Joseph Rifkind and Raphael Dechter, both of Los Angeles, Cal., for Laugharn, trustee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

The petition for rehearing claims that because the Lion Petroleum Corporation is found to be the "alter ego" of Jack Davis Sterling, we must disregard the company's corporate entity and treat the sale of the stock as having been made by Sterling himself.

The effect of the Lion Petroleum Corporation being the "alter ego" of Sterling must be determined by California law, since it is a California statute which governs this case.

The California law is clear: First, that a corporation owned and dominated by one man is his "alter ego"; Second, that notwithstanding it is his alter ego, it may be still regarded as having a separate entity; Third, that the separate entity of an alter ego corporation will not be disregarded unless to recognize it is to promote fraud or injustice. Wenban Estate v. Hewlett, 193 Cal. 675, 696, 697, 227 P. 723; Minifie v. Rowley, 187 Cal. 481, 487, 202 P. 673; Hollywood Cleaning & P. Co. v.

Hollywood L. Service, 217 Cal. 124, 130, 17 P.2d 709; D. N. & E. Walter & Co. v. Zuckerman, 214 Cal. 418, 420, 6 P.2d 251, 79 A.L.R. 329; Watson v. Commonwealth Ins. Co., 8 Cal.2d 61, 68, 63 P.2d 295.

Measured by these standards, the fact that the company was Sterling's alter ego does not require the court to disregard its separate entity, inasmuch as there was no fraud or injustice in Bernstein's dealing with it as a separate entity in purchasing the percents from it.

Petition for rehearing denied.