ART PLATE GLASS & MIRROR CORPORATION *v.* FIDELITY CONSTRUCTION CORPORATION

[No. 42, October Term, 1949.]

*Decided December 9, 1949.*

112

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*A. Frederick Taylor,* with whom were *Allers & Cochran* on the brief, for the appellant.

*Paul M. Higinbothom* and *Paul R. Kach,* for the appellee.

GRASON, J., delivered the opinion of the Court.

Wilbur Davis traded under the name of Century Glazing Company, and his business was installing plate glass. For a number of years the Art Plate Glass & Mirror Corporation, a body corporate, (appellant), furnished him with material necessary to carry on his work. The appellant refused to extend further credit and Davis was unable to continue the performance of certain contracts he was then engaged in. At the time credit was refused he was indebted to the plaintiff for $9307.54.

E. Earle Henderson is the secretary-treasurer, and William F. Buettner is the president of Fidelity Construction Corporation, a body corporate, (appellee), which is engaged in the lumber business. Henderson is a lawyer. About March the 23rd, 1948, Henderson met Davis in the Court House in Baltimore City and talked with him. Davis was out of work, due to the fact that he could not obtain further material from the appellant to carry on his business. As a result of this talk Henderson pro-

posed a reorganization of Davis' affairs, which was acceded to by Davis. He talked over the telephone to Mr. Ferdinand H. Braecklein, the president of the appellant. Mr. Braecklein told him that Davis was honest, knew his business, but simply could not keep his accounts straight, and that he would not extend him further credit.

Henderson drew up articles of incorporation, under the name and title of Century Glazing Company, Inc. While this reorganization of Davis' affairs was in process, Henderson talked over the telephone with Mr. Calvin K. Braecklein, the vice president and manager of the appellant. On March 26, 1948, he told him of the situation and that Davis would need credit for material to fulfill current contracts while his business was being reorganized, and that the defendant would guarantee what Davis purchased during the period of the reorganization of his affairs. Mr. Calvin K. Braecklein approved the matter, but told him he would require a letter from the defendant. That very day Henderson delivered the letter to him. It is as follows:

"March 26, 1948

"Art Plate Glass and Mirror Corporation
938 Linden Avenue
Baltimore 1, Maryland
Attention: Mr. Calvin K. Braecklein
"Gentlemen:

"Referring to our conversation of this afternoon this is to advise that the Century Glazing Company is in the process of being reorganized and recapitalized by Mr. William F. Buettner and myself, which action will be completed by the 1st of this coming week. You may consider this your authority to supply Mr. Davis with his requirements for which we will be responsible.

"It is my understanding that the Baltimore Motor Company job for Baltimore Contractors Incorporated will be completed in about a week's time. I have informed Mr. Frenkil that we would expect settlement in full immediately upon the completion of the contract,

and he assured me that the money would be there. With this big obligation out of the way, the indebtedness to you will be very substantially reduced. As the uncompleted jobs now standing or in progress are finished, it is my hope that your account can be placed on a current basis with as little delay as possible. For convenience and to avoid delays, we shall expect a credit accomodation with your Company.

"Thanking you for your consideration and courtesy in this connection, we remain

Very truly yours,

"Fidelity Construction Corporation

"/s/ E. Sarle Henderson,

Secretary-Treasurer"

On March 30, 1948, the Century Glazing Company, Inc., became a legal corporation. On the same day Mr. Henderson called Miss Catherine Normoyle, secretary of the appellant. She had power to extend credit, as testified to by Mr. Ferdinand H. Braecklein. Mr. Henderson told this lady that he had succeeded in incorporating a new company, to be known as the Century Glazing Company, Inc. She said she would close the old account of the Century Glazing Company. They discussed the credit terms to be extended to the Century Glazing Company, Inc., and she stated what those terms were. The result of this conversation was that the old account of the Century Glazing Company was closed and a new account in the name of the Century Glazing Company, Inc., was opened. From March 26, 1948, to June 2, 1948, the old account of $9307.54 had been reduced to $772.79.

On October 21st, 1948, the appellant filed its declaration in the Superior Court of Baltimore City against the appellee. The suit is grounded on the letter of March 26, 1948, written by appellee to the appellant. It is claimed that letter guaranteed not only the account of the Century Glazing Company, but of the Century Glazing Company, Inc. The appellee contends that letter did not contain such a guaranty.

The case was tried before the court and a jury and at the conclusion of the testimony the court instructed the jury that appellant was limited to recover only for the goods it supplied Davis from March 26, 1948 to and including March 30, 1948, and it was conceded in the case that the goods so supplied during that time did not exceed the sum of $483.36. The jury rendered a verdict for that amount and from a judgment thereon the case comes here on appeal.

This contract of guaranty is clear, unambiguous and complete. It needs no explanation. It speaks for itself. It presents a matter of law for the court, who is to apply the terms of the contract to the facts of the case. To introduce parol evidence in such a case could have no effect except to alter, change and vary the terms of a written guaranty. *Hodgson v. Burroughs,* 175 Md. 413, at page 424, 2 A. 2d 407; *Ordeman v. Lawson,* 49 Md. 135, 157-158; *Buffalo Pressed Steel Co. v. Kirwan,* 138 Md. 60, at page 66, 113 A. 628; *Severin v. Robert S. Green, Inc.,* 166 Md. 305, at page 307, 170 A. 731; *Roberts v. Bonaparte,* 73 Md. 191, at pages 199-200, 20 A. 918, 10 L. R. A. 689. The letter states that the Century Glazing Company was at that time in the process of being reorganized and recapitalized by Mr. Buettner and Mr. Henderson, "which action will be completed by the 1st of this coming week. You may consider this your authority to supply Mr. Davis with his requirements for which we will be responsible". It is perfectly clear that the appellee guaranteed to pay the appellant for supplies given to Davis, that were delivered to him by it from March 26, 1948, to the date of the reorganization and recapitalization of his business. This was done by the formation of the Century Glazing Company, Inc. We think this is so clear that it speaks for itself and that evidence to explain it is irrelevant. The letter concludes: "For convenience and to avoid delays, we shall expect a credit accomodation with your Company".

In *Booth v. Irving Nat. Exch. Bank,* 116 Md. 668, at page 672, 82 A. 652, at page 653, Judge Burke quoted

from *Miller v. Stewart,* 9 *Wheaton,* 680, 6 L. Ed. 189, as follows: "Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not to be extended, by implication, beyond the terms of his contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal. And courts of equity, as well as of law, have been in the constant habit of scanning the contracts of sureties with considerable strictness. * * *"

After the corporation was formed the appellant closed the account against the Century Glazing Company, opened an account in the name of the corporation, and extended it credit. All of this was perfectly consistent with the appellee's contention in this case.

The prayers of the appellant were properly refused. They proposed to submit to the jury what the parties meant by the terms of the contract. This was a question of law to be determined by the court.

At the argument of the case counsel for the appellant said the authorities contained in his brief were cases where the contract was ambiguous. Indeed, some of those authorities cite the rule to be applied in both unambiguous and ambiguous contracts, and some of them are cited on the appellee's brief and cited in this opinion.

The appellants also cite the following cases: *Booth v. Irving Nat. Exch. Bank,* 116 Md. 668, 82 A. 652, and D. N. & E. *Walter & Co. v. Zuckerman,* 214 Cal. 418, 6 P. 2d 251, 79 A. L. R. 329. In the former case the guaranty was entirely different from the one before us, and the note involved in that case and the guarantee endorsed on the back thereof fell within the terms of the guaranty executed by Booth to the bank to extend credit to Norris. In the latter case Goldberg traded as the Home Builders' Supply Company and trading as

such plaintiff extended credit which was guaranteed by Zuckerman. Later Goldberg incorporated and the name of the corporation was Home Builders' Supply Company. Under the facts of that case the guarantor was held liable. In this case the appellee did not guarantee Davis trading as the Century Glazing Company. It guaranteed Davis during the period of the reorganization of his business, and the instant case cannot be governed by the decisions in the cases referred to.

The judgment will be affirmed.

*Judgment affirmed, with costs.*