SAVANNAH BANK & TRUST COM-
PANY, Plaintiff,

v.

JEROME CONSTRUCTION CO. Inc.,
Jerome Construction Co. Inc. of Puerto
Rico and Great American Indemnity
Co., Defendants.

Civ. A. No. C.302-58.

United States District Court
D. Puerto Rico,
San Juan Division.

Dec. 29, 1960.

Brown, Newsom & Cordova, San Juan,
P. R., for plaintiff.

Rivera, Zayas, Rivera, Cestero & Rua,
San Juan, P. R., for Great American In-
demnity Co.

Peñagaricano & Lloveras, San Juan,
P. R., for Jerome Const. Co. Inc.

RUIZ-NAZARIO, District Judge.

This is an action by which the Savan-
nah Bank & Trust Company of Georgia, a
Georgia Corporation, seeks to recover
from Jerome Construction Co. Inc., a
Georgia Corporation, and Jerome Con-
struction Co. Inc. of Puerto Rico, a
Puerto Rican corporation, the sum of
$20,066.80. Both Jerome of Georgia and
Jerome of Puerto Rico have admitted all
the essential allegations of the complaint,
and judgment must therefore be entered
against them. Defendant Great Amer-
ican Indemnity Company holds a judg-
ment against defendant Jerome Con-
struction Company Inc. of Puerto Rico,
which it obtained in Civil No. 58-2441,
Collection of Monies, in the Supreme
Court of Puerto Rico. To collect this
judgment a levy was made upon certain
construction equipment more particularly
described in Exhibit A attached to the
Motion for Preliminary Injunction filed
herein on November 24, 1958. Plaintiff
Bank requested and obtained from this
court a preliminary writ enjoining the
sale of the property by the Marshal of
the State Court, pending decision of
plaintiff's contentions in the Federal
Court.

Thus the only ultimate issue before the court at the present time is a question of priority of liens: are the Savannah Bank's alleged liens paramount, or must they yield to the judgment lien of the defendant Great American Indemnity Co.?

I am of the opinion that the judgment lien of Great American Indemnity is paramount, because it is the only valid lien in the case. If Jerome of Georgia and Jerome of Puerto Rico were considered to be a single entity, the situation might be different, and the interesting problems involving the law of Georgia, as discussed in the memoranda proffered by Georgia lawyers, would then be before the Court for decision. But no case has been made, on the record before me, to support a disregard of the corporate entities, the one a Georgia Corporation, the other a Puerto Rico Corporation, so as to hold that they are the same person. As a general rule, corporate existence cannot be disregarded. Separate entity of alter ego corporation will not be disregarded unless to disregard it. is to promote fraud or injustice.

In re Sterling, 9 Cir., 97 F.2d 505. "The law of corporations allows the fabrication of such elaborately involuted jural persons * * *, out of them authentic rights and duties will emerge, and although there are occasions when courts will brush them aside, and decide controversies as though only the human actors had been concerned, when there is no such occasion, the rights and duties that result must be respected and enforced like any others." Sun-Herald Corporation v. Duggan, 2 Cir., 160 F.2d 475, 478.

An examination of plaintiff's exhibit A–2, Bill of Sale to Secure Debt and attached invoice from Sim Grady Machinery Company of Macon, Georgia, shows that the used International Trucks involved in this action were in fact sold to Jerome Construction Co. Inc., of *Puerto Rico,* and indeed were sold "not subject to sales tax—for export" so that there is no doubt that when they were purportedly sold to the Savannah Bank by Jerome Construction Inc, the Georgia Corporation, the Bank acquired no title, as the purported vendor had no title to convey.

Examination of the alleged Bill of Sale, plaintiff's . exhibit B–5, covering the Michigan ½ C. Y. Truck mounted crane, shows it to be a document from an unknown Mr. · Lamb who Mr. Perkins, a witness for the Bank was unable to identify, ·and whose purported signature he was likewise unable to identify.

This document clearly is insufficient to overcome the . presumption of title in Jerome Construction Co. Inc. of Puerto Rico flowing from that corporation's possession at the time of attachment by Great American Fidelity Co., 31 LPRA, 1448 and 1463; 32 LPRA 1887 (11 and 12). I must therefore hold that the attachment of the trucks and the crane described in Exhibit "A" accompanying the Motion for Preliminary Injunction, by defendant Great American Indemnity Co. was lawful and dismiss the action as to said defendant. Counsel for Great American Indemnity Company is therefore directed to prepare findings of fact, conclusions of law and judgment and submit the same to the court for approval within ten days from notice of this memorandum.