## Commercial Service Company v. Gilmore

*Thomas C. Murcko,* for plaintiff.
*William D. Anthony,* for defendant.

DILLON, *J.,* January 11, 1977 — This is before the court on defendants' petition to open a confessed judgment or in the alternative to strike the same.

On September 2, 1976, Commercial Service caused a judgment to be entered against defendants in accordance with the authority granted by a confession of judgment clause on page 7 of the Commercial Service Company Guaranty which is attached to plaintiff's complaint in confession of judgment. The petition to open and/or strike was filed September 24, 1976.

The business relationship between plaintiff and defendant commenced in December of 1973. At that time, William Gilmore, who was doing business as a sole proprietorship under the name of Gilmore Construction Company, applied to plaintiff for credit in connection with the purchase of home remodeling supplies to be used in his business.

Some time between December of 1973 and December of 1975, defendant transferred his business to a corporation called Gilmore Construction Company. Ascertaining this fact, plaintiff decided it would require the personal guaranty of the shareholders of Gilmore Construction Company for its corporate obligations. Commercial Service alleges that in February of 1976, plaintiff supplied

the guaranty to Mr. Gilmore with the request that he and his wife, Barbara A. Gilmore, sign it and return it to plaintiff. In due course, Mr. Gilmore brought the guaranty to plaintiff's office. It had already been signed by Barbara A. Gilmore. Mr. Gilmore signed the guaranty in plaintiff s offices in the presence of plaintiff s president and treasurer. Thereafter, plaintiff s president signed his name as a witness and dated the guaranty.

In August of 1976, Gilmore Construction Company was adjudicated a bankrupt. At the time of its bankruptcy, it owed plaintiff $29,486.20 for materials purchased but not paid for. Under the terms of the guaranty, defendants, jointly and severally, guaranteed the prompt payment of all obligations of the company, and agreed that plaintiff need not proceed first against the corporation, but rather that it might proceed against them for the unpaid obligation. After demand for payment of the sum due under the guaranty, and in default of such payment, plaintiff in accordance with the confession clause of the guaranty, entered its judgment.

The petition to strike has no merit. Plaintiff has followed the procedure outlined under Pa. R.C.P. 2950 et seq.; Fourtees Co. v. Sterling Equipment Corporation, 242 Pa. Superior Ct. 199, 363 A.2d 1229 (1976).

The prerequisites for opening a judgment are prompt action and the presentation of a meritorious defense. We are also guided by this requirement under Pa. R.C.P. 2959(e):

"If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment."

Defendants contend that the judgment must be

opened because the guaranty (Exhibit A of their petition) was materially altered. How was this instrument so altered? By inserting the date "March 10, 1976."

It is noted that the Gilmores do not deny that it is their signatures to this guaranty. It is further noted that the guaranty set forth in Exhibit A of defendants' petition pertains to Gilmore Construction Company, a corporation.

In the deposition of Mr. Kelleher, president of Commercial Services, he testified as to the circumstances leading up to the guaranty in question. He further clearly and unequivocally fixes the date of March 10, 1976 as the time William Gilmore came into the Commercial Service office and signed the guaranty.

William Gilmore's deposition is to the effect that he wasn't in the office of Commercial Service on March 10, 1976. He relies on his telephone records of that date to substantiate his position.

( Even if we assume Gilmore's position, is the filling in the date on the guaranty a mateerial alteration? Counsel for Commercial Service provides the court with this law which is adopted for the proceedings:

"It is settled law that when an agreement is signed containing blank terms, the holder of the agreement may complete the blanks.": Industrial Valley Bank & Trust Co. v. Norman, 53 D. & C. 2d 691, aff d 219 Pa. Superior Ct, 748, 280 A.2d 392 (1971).

The Gilmores signed the guaranty and delivered it to Commercial Service without dating it. This vested plaintiff's agent with the implied authority to fill in the blank provided for the date. No fraud has been perpetrated on the Gilmores.

The Gilmores contend that they guaranteed the obligations of the proprietorship but not the obligations of the corporation. The credit application (Exhibit 1 in Answer to Petition) reveals that at an earlier time they applied for credit and identified themselves as a proprietorship. The point is that they knew the difference. The fact that the Gilmore Construction Company is in bankruptcy is of no moment in this proceeding. The terms of the guaranty support the action Commercial Service has before this court.

Petitioners anchor their position on section 442 of the Restatement Contracts. Section 3 which is pertinent provides:

"A material, fraudulent and unauthorized insertion in a blank space made by one party discharges any duty of the other party under the writing."

The argument advanced is that the legal effect of inserting the date March 10, 1976, into the blank space of the guaranty was to subject defendants to a liability to which they were not previously subjected. Specifically, the guaranty signed by defendants (they contend it was on December 3, 1973), effectively placed themselves in the position of guarantors of the debts of Gilmore Construction Company, a proprietorship, which may have been incurred at the hands of plaintiff, Commercial Services Company. By insertion of the notation March 10, 1976, defendants became liable as guarantors for the debts of a totally distinct and separate business entity from that of their proprietorship. They are now liable, absent their consent, for the debts of a new and independent entity, namely, Gilmore Construction Company, a corporation. The essence of their argument is that since such liability was intended by the par-

ties to apply only to the proprietorship, the fact that a new corporation was formed released defendants from further liability in the absence of a new guaranty.

above argument. The question presented by respondents is "May the personal guarantors (husband and wife) of the obligations of a proprietorship fully controlled by said guarantor relieve themselves of the liability created under a written agreement by subsequently incorporating the proprietorship?" Respondent informs the court that where a corporation is distinctly a "one-man operation," completely owned, dominated, and controlled by the same individual who, at various times, was the proprietor, guarantor, incorporator, and shareholder of the entity, the court will look beyond the form and recognize the substance of the business. The separateness of the person and the corporation would of course be recognized if no inequitable results would follow. But where, as here, an inequitable result would follow, the two would be considered as one: D.N.&E. Walter & Co. v. Zuckerman, 214 Cal. 418, 419, 6 P.2d 251 (1931).

Massachusetts follows the same principle: Standard Plumbing Supply Company v. La Conte, 277 Mass. 497, 178 N.E. 611, 613 (1931), as does New York: New York American, Inc. v. Hub Advertising Agency, Inc., 240 N.Y.Supp. 367 (1930).

In disregarding the corporate character, the court held that ". . . it was incumbent upon the guarantor, if he desired to withdraw his guaranty after the formation of the corporation, to notify the plaintiff of the change, and not having done so, he is estopped from using the cloak of a corporate entity to which he himself was a party to relieve him

of any liability under his written agreement.": New York American, Inc. v. Hub Advertising Agency, Inc., supra, at p. 368. This analysis seems far fairer to this court and is therefore adopted.

The pleadings and deposition support Commercial Service's contention that the guaranty was dated March 10, 1976, and pertained to corporate obligations. Assuming, however, for the sake of argument, that the guaranty was executed December 10, 1973, and pertained to proprietorship obligations, the petitioners are not, according to the above analysis, in a position to complain. They have bound themselves regardless of the form of the guaranty. Hence the following

## ORDER

Now, January 11, 1977, after consideration of the able briefs of counsel, the depositions supplied to the court and in conformance with the foregoing memorandum opinion, it is ordered and decreed that defendants' petition to open the judgment at C.P. 1249 of 1976 is denied. The petition to strike said judgment is also refused.