**In re Sam D. COOGLER, Debtor,**

**STIER SUPPLY COMPANY, INC., Plaintiff,**

v.

**Sam D. COOGLER, Defendant.**

**Bankruptcy No. 81–00201.
Complaint No. 81–0060.**

United States Bankruptcy Court, D. South Carolina.

Sept. 15, 1981.

Steven M. Anastasion, Columbia, S. C., for plaintiff.

Robert F. Anderson, Columbia, S. C., for defendant.

MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The plaintiff instituted this action in the Court of Common Pleas for Richland County, State of South Carolina, to collect from the defendant the sum of $9,569.20, allegedly due on account for the purchase of building materials and supplies during the period of October 27, 1980, through January 19, 1981.

The defendant, Sam D. Coogler, filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on February 17, 1981; and this action was thereafter removed to the United States Bankruptcy Court for the District of South Carolina pursuant to 28 U.S.C. § 1478.

The plaintiff's claim is disputed by the defendant on the ground that the plaintiff extended the credit to Sam Coogler, Inc., the corporation, not him individually.

Stier Supply Company, Inc. is in the wholesale and retail business of selling building materials and supplies. On or

about May 21, 1975, the defendant submitted a written credit application to open an account with the plaintiff. The application expressly indicates that the account was opened for use in the defendant's contracting business.

The defendant guaranteed the payment of all credit extended on his business account, the guarantee being signed by the defendant at the bottom of the credit application.

When the account was opened, the defendant was operating his contracting business as a sole proprietor. On July 19, 1976, the defendant incorporated his business. The nature and purpose of the business continued without interruption as it had prior to the incorporation. The change from a sole proprietorship to a corporation was in form only. The defendant continued as the dominant personality in the business which was conducted under the trade name of "Sam D. Coogler, Builder". He was its sole shareholder and officer. Subsequent to the incorporation, the invoices prepared by the plaintiff were changed to reflect the change in name of the account from Sam D. Coogler to Sam D. Coogler, Builder, Inc. The record does not reflect the date of this change. At no time did the plaintiff receive notice from the defendant terminating his guarantee of the business account.

It is clear that when the defendant opened the account, it was his intention to guarantee personally the payment of all credit extended on account of the purchase of building materials and supplies to be used in his contracting business. During the entire period of activity on this account, the nature of the defendant's business has remained that of a general building contractor.

When an inequitable result would follow, the unity of the dominant shareholder and the corporation will be recognized. *D. N. & E. Walter & Co. v. Zuckerman*, 214 Cal. 418, 6 P.2d 251 (1932); *Pan Pacific Sash and Door Co. v. Greendale Park, Inc.*, 166 Cal. App.2d 652, 333 P.2d 802 (1958); 79 A.L.R. 331; 28 Am.Jur.2d *Guaranty* § 30. In *D. N. & E. Walter, supra*, the California Supreme Court held that when there had been no substantial change in the nature or ownership of the business because of the incorporation, and when there would be an inequitable result if the corporate form were interposed to bar the debt, the guarantor continued to be liable for payment of the debt incurred after the incorporation.

The same result should apply here.

### ORDER

Stier Supply Company, Inc. shall have judgment against the defendant, Sam D. Coogler, individually, in the sum of $9,569.20.

AND IT IS SO ORDERED.