[Civ. No. 2729.   First Appellate District, Division Two.—February 25, 1919.]

## GEORGE L. HAMER, Appellant, v. MRS. W. J. ELLIS, Respondent.

[1] PLEADING—DEMURRER TO AMENDED COMPLAINT SUSTAINED—REFUSAL OF FURTHER AMENDMENT — ERROR.—Although an amended complaint was the third attempt of the pleader to state a cause of action, it was error, upon sustaining a demurrer thereto, to refuse to allow a further amendment, unless it was clear to the trial court that it could not be amended so as to obviate the objections made thereto.

[2] LANDLORD AND TENANT—EVICTION—GENERAL DEMURRER.—In this action by a tenant for damages, pleaded in two counts, it is held that a cause of action is stated in the complaint which is good as against a general demurrer.

[3] ID.—TERMINATION OF LEASE—DESTRUCTION OF BUILDINGS.—A lease of land with buildings thereon is not terminated by the destruction of the buildings, unless it is so provided by contract or by statute.

[4] ID.—DESTRUCTION OF "THING HIRED"—LAND WITH SEVERAL STRUCTURES THEREON.—Although under section 1933 of the Civil Code the hiring of a thing terminates with the destruction of the thing hired, that result may not follow the destruction of a building where leased land has several structures thereon, since the building destroyed may not have been the "thing hired."

[5] ID.—EVICTION — DAMAGES—FUTURE PROFITS.—An eviction entitles the plaintiff in an action therefor to recover any damage he may have suffered thereby, including loss of future profits if ascertainable with reasonable certainty.

[6] ID.—PLEADING SPECIAL DAMAGES—OTHER DAMAGE NOT PRECLUDED. The pleading of special damage from loss of future profits does not preclude the recovery of any other damage sustained.

[7] ID.—DAMAGE BY ELEMENTS—COVENANT TO REPAIR.—A covenant to repair in case of extensive damage by the "elements" does not include rebuilding structures destroyed by fire, "damage by the elements" being the equivalent of the phrase "act of God," such as lightning or other superhuman agency.

APPEAL from a judgment of the Supreme Court of Mendocino County.   J. Q. White, Judge.   Reversed.

The facts are stated in the opinion of the court.

Lilburn I. Gibson for Appellant.

Preston & Preston for Respondent.

HAVEN, J.—Defendant's demurrer to plaintiff's second amended complaint was sustained without leave to amend; whereupon judgment was entered for defendant, from which plaintiff appeals. Plaintiff was lessee, and defendant lessor, under a written lease of certain premises in the city of Ukiah. The second amended complaint contains two counts: The first, for damages alleged to have been suffered by plaintiff by reason of his wrongful eviction by defendant from the leased premises; and the second, for damages alleged to have been suffered by plaintiff by reason of the breach by defendant of a covenant of the lease to repair the buildings therein referred to. In the first count the leased premises are described as follows: ''That certain property known as the Ellis Stable Property, situated on the east side of Main Street between Perkins Street and Stephenson Street, in the Town of Ukiah City, Mendocino County, State of California, and including the stable building and all sheds attached thereto, together with the corralls, scales and all other property belonging to or. forming a part of said premises, excepting what is known as the 'Back Shed' on the northeast portion of said premises, being 15 feet on Perkins Street and running back 25 feet.''

In the second count the same description is given, but the following allegation is added: ''And plaintiff here alleges that said premises consisted of one corrall, 150 feet long by 90 feet wide; one barn 150 feet long by 60 feet wide; one shed 40 feet long by 24 feet wide; scales 30 feet long by 10 feet wide, all of which were built upon the ground and the ground constituted the only floor of each thereof; and an alleyway 24 feet long by 16 feet wide.''

The allegations of the first cause of action are substantially the following: A lease of the above-described premises was executed by defendant to plaintiff on October 5, 1914, for a term of five years, at a monthly rental of thirty dollars; it was understood and agreed between the parties to said lease that said premises were to be used as a livery and feed stable, storage sheds, stock corrals, and weighing depot; plaintiff entered into possession of said premises on October 5, 1914, and engaged in the business above referred to; said lease continued

in effect until July 5, 1917, upon which date defendant noti-
fied plaintiff that the said lease was of no further force or
effect, and that said plaintiff had no further right on said
premises, and would no longer be allowed possession thereof,
nor to go on said property; plaintiff notified defendant on said
date that he was ready, willing, and able to perform his part
of said contract, and tendered the defendant the rent for the
month ending on August 5, 1917, which was refused by de-
fendant; on August 5, 1917, defendant took possession of said
premises, and thereafter erected a building on a part thereof
and let the same to another tenant and also repaired the scales
thereon, and has since operated them at a profit; as a result
of said eviction plaintiff has not entered on said premises since
July 5, 1917. Then follow allegations as to the amount of
profits which plaintiff had derived from the use of the prem-
ises prior to June 18, 1917, "when said premises were dam-
aged by fire," and as to the amount of profits which would
have been derived therefrom during the remainder of the term
of the lease. The concluding allegation of the first count is:
"And, therefore, because of this eviction as hereinabove set
forth, plaintiff has been damaged to the extent of $2,700."

The demurrer was to the whole complaint, and to each cause
of action separately, for failure to state facts sufficient to con-
stitute a cause of action; and, specially, on several alleged
grounds of uncertainty, ambiguity, and unintelligibility.

[1] Unless it was clear to the trial court that the allega-
tions contained in the first count did not state a cause of ac-
tion, and could not be amended so as to obviate the objections
made thereto, the refusal to allow a further amendment was
error. (*Payne* v. *Baehr*, 153 Cal. 447, 448, [95 Pac. 895];
*Schaake* v. *Eagle etc. Can Co.*, 135 Cal. 480, [63 Pac. 1025, 67
Pac. 759].) In the case last cited it is said: "We do not say
that there is no limit to the right to amend when such demur-
rers are sustained, since several failures, perhaps but one or
two, may develop a want of facts, or show that the fault can-
not be remedied." [2] The complaint now under consid-
eration is the third attempt of the pleader to state a cause of
action; but, upon the face of the first count therein contained,
and in the absence of the two preceding complaints which are
not before us, it does not appear that any defects therein can-
not be remedied. On the contrary, we are of the opinion that
a cause of action is stated therein which is not obnoxious to

a general demurrer. The facts pleaded show an eviction of the lessee by the lessor, without excuse, as far as appears from the allegations of that count. (*Agar* v. *Winslow,* 123 Cal. 593, [69 Am. St. Rep. 84, 56 Pac. 422]; *McAlester* v. *Landers,* 70 Cal. 82, 83, [11 Pac. 505]; *Levitzky* v. *Canning,* 33 Cal. 306.)

Even if, under the rule that every reasonable presumption must be indulged in to support the ruling of the court below, we assume that the facts pleaded in the second count in the complaint now under consideration were before the court in the original complaint or the first amended complaint, it still does not appear that such eviction was justified. **[3]** A lease of land with buildings thereon is not terminated by the destruction of the buildings, unless it is so provided by contract or by statute. (24 Cyc. 1345; *Nashville etc. Ry. Co.* v. *Heikens,* 112 Tenn. 378, [65 L. R. A. 300, 79 S. W. 1038].) No such provision of the lease is pleaded. **[4]** The only pertinent statute to which our attention has been called is section 1933 of the Civil Code, which provides: "The hiring of a thing terminates . . . (4) By the destruction of the thing hired." When a portion of a building is leased, and the whole building is subsequently destroyed by fire, the lease is terminated. (*Ainsworth* v. *Ritt,* 38 Cal. 89; *Harvey* v. *Weisbaum,* 159 Cal. 267, [Ann. Cas. 1912B, 1115, 33 L. R. A. (N. S.) 540, 113 Pac. 656].) The same result does not always follow when a lease covers a parcel of land with several structures thereon. In such a case the section of the code cited is not controlling, unless the buildings destroyed were "the thing hired." A comparison of the property leased with that destroyed, as set forth in the second count, does not convince us that such was the fact.

**[5]** Such eviction entitled plaintiff to the recovery of any damage he may have suffered thereby. **[6]** The pleading of special damages to result from loss of future profits did not preclude the recovery of any other damage which may have been sustained. And loss of future profits could also be recovered, if ascertainable with a reasonable degree of certainty. (*Hawthorne* v. *Siegel,* 88 Cal. 159, 167, [22 Am. St. Rep. 291, 25 Pac. 1114]; *Lambert* v. *Haskell,* 80 Cal. 619, [22 Pac. 327]; *McConnell* v. *Corona City Water Co.,* 149 Cal. 60, [8 L. R. A. (N. S.) 1171, 85 Pac. 929]; 24 Cyc. 1135; *Clark* v. *Koesheyan,* 26 Cal. App. 305, 308, [146 Pac. 904].) The allegations as to

the future profits of plaintiff's business were not sufficiently definite to have enabled the court to determine whether or not they can be brought within the rule laid down by the above authorities, for which reason the special demurrer for uncertainty, directed to these allegations, was well taken. But it does not appear that this defect could not be cured by amendment.

The second cause of action is based upon a covenant in the lease, which is thus pleaded: "And that by other terms of said lease, said defendant was, in case of any extensive damage by the elements, or in case of the falling in of the roof or collapse of the building to immediately proceed to repair the same for the use of the party of the second part, who is the plaintiff herein, during the term of said lease." It is then alleged "that on June 18, 1917, said property described by the lease above referred to was damaged by an element, to wit: Fire, without the fault of either of the parties hereto and the said buildings, sheds, fences and scales, forming a part of said premises were destroyed."

[7]   Appellant claims that by reason of the above covenant to repair "in case of any extensive damage by the elements," the lessor was bound to rebuild the buildings destroyed by fire. With this we cannot agree. It has been decided in this state that "damage by the elements" is the equivalent of the phrase "act of God"; and that "fire does not come within the definition of the term 'act of God,' unless it is caused by lightning or some other superhuman agency." (*Pope* v. *Farmers' Union etc. Co.*, 130 Cal. 141, [80 Am. St. Rep. 87, 53 L. R. A. 673, 62 Pac. 384]; *Ahlgren* v. *Walsh,* 173 Cal. 35, [Ann. Cas. 1918E, 751, 158 Pac. 748].) The complaint before us contains no allegation that the fire therein referred to was caused by such superhuman agency, and, without such allegation, no cause of action for breach of the covenant to repair is stated.

The judgment is reversed, with directions to the trial court to sustain the special demurrer for uncertainty to the first cause of action, and also to sustain the demurrer to the second cause of action, with leave to the plaintiff to amend his second amended complaint, if he shall be so advised.

Langdon, P. J., and Brittain, J., concurred.