[Civ. No. 15807.   Second Dist., Div. Two.   Aug. 6, 1947.]

A. M. HILLMAN, Appellant, v. HILLMAN LAND COMPANY (a Corporation) et al., Respondents.

Martin Goldman and Alvin P. Jackson for Appellant.

Albert H. Allen, Hyman Goldman and Fred Horowitz for Respondents.

WILSON, J.—The amended complaint may be thus briefly summarized: Plaintiff conveyed or caused to be conveyed several parcels of real property to defendant Hillman Land Company, caused priorities for construction materials, both priorities and materials being difficult to obtain, to be assigned to the corporation and also performed services for the benefit of the company and of defendants Koch and Spiegelman. The conveyances and assignments were made and the services performed on the promise of the individual defendants that in consideration thereof they would perform the acts required of them by their agreement with plaintiff. Koch and Spiegelman failed and refused to perform. Plaintiff has received no consideration for the transfers and assignments made by him, or for his services, and defendants have refused to return or to pay for the property.

Upon the filing of the amended complaint demurrers were interposed and were overruled, whereupon answers were filed. When the cause came on for trial the court, on application of defendants, reconsidered the demurrers, sustained them without leave to amend, and sustained a demurrer to the introduction of evidence, both orders having been made on the ground that the amended complaint did not state facts sufficient to constitute a cause of action against defendants or any of them. Thereupon a judgment of dismissal as to all defendants was entered, from which plaintiff has appealed.

The demurrers as originally interposed and overruled were

both general and special, reciting numerous particulars of alleged uncertainties, but since the last order, which resulted in the judgment of dismissal and which plaintiff assigns as error, was solely on the ground of insufficient facts we shall confine our discussion to that ground alone.

1. *The allegations in the amended complaint.* The following are the facts alleged upon which plaintiff bases his action:

██ (a) First cause of action. In March, 1945, plaintiff had an option in writing in the name of Merit Finance Corporation, wholly owned by him, to purchase a tract of real property in Bell, California, and also had in the name of his corporation priorities for various construction materials for houses to be erected on the property.

About that date it was orally agreed by plaintiff and defendants Koch and Spiegelman as follows: A corporation would be forthwith organized by them under the laws of California to be known as Hillman Land Company; plaintiff would transfer or cause to be transferred and conveyed to the company the title to said property; stock in the corporation would be issued forthwith after incorporation to plaintiff and defendants Koch and Spiegelman in equal shares; regardless of the number of shares issued profits and voting power would be equally shared and divided, one-third each among plaintiff and the two individual defendants; Koch and Spiegelman would each contribute as capital in equal shares to the corporation the sums required to pay for the property in accordance with the terms of plaintiff's option; after it had been purchased the property would be subdivided, streets, sewers, lights, and all utilities would be installed, and thereafter there would be constructed on the property about 30 three-bedroom houses, provided it would be permissible to sell the houses for approximately $10,000 each, and in the event such sale price was not permitted the lots so subdivided would be sold; plaintiff would use his efforts in connection with seeking contractors for the development and improvement of the property, in arranging for the construction of houses and in connection with future sales; plaintiff would assign or cause to be assigned his priorities to the company which would forthwith proceed to develop, improve and subdivide the property and to sell dwellings thereon in accordance with the agreement; Koch and Spiegelman would contribute as capital to the company in equal shares of one-half each the

required money for such development, improvement, subdivision, construction and sale; the proceeds and voting control with respect to the management of the venture would be equally divided one-third each among plaintiff, Koch and Spiegelman.

After entering into the foregoing contract the purchase of the property was consummated in the name of Hillman Land Company and the priorities were assigned to the company as agreed.

In June, 1945, it was orally agreed between plaintiff, Koch and Spiegelman that the company would continue to buy additional real estate and would develop, improve and subdivide the same and construct dwellings or other improvements thereon in accordance with the plan above set forth; Koch and Spiegelman would each contribute additional capital in equal shares to pay for such purchases through the corporation, and to develop, subdivide, improve and sell the property or to construct dwellings or other improvements thereon; plaintiff would give defendants his opinion upon proper plans and procedure in connection with the development, improvement and sale of the property, and would use his efforts to find suitable purchasers or tenants therefor and in connection with seeking contractors for such work and with the general supervision of the construction, improvement and subdivision of the property; profits and voting power in connection with the venture would be shared and divided equally one-third each among plaintiff, Koch and Spiegelman.

About July 17, 1945, the parties caused defendant Hillman Land Company to be organized pursuant to the oral agreement of the parties; work was begun on the subdivision and improvement of the property and plaintiff used his efforts in connection therewith in accordance with the terms of the agreement.

On July 23, 1945, plaintiff was elected a director and secretary of the corporation and acted as such thereafter until prevented from doing so by Koch and Spiegelman.

At a meeting of the directors of the corporation held about July 29, 1945, a resolution was adopted reciting among other things the following: The corporation should open a bank account, the checks to be signed by the secretary (plaintiff) and countersigned by either the president or the vice president; it should remain a closed corporation, no stock to be issued or transferred excepting to plaintiff, Koch and Spiegel-

man; the earnings of the corporation, or declared dividends, should be equally distributed and the voting power vested in the three persons named irrespective of the number of shares each one of them held; salaries, if any, were to be determined by mutual consent; the secretary was authorized to execute a petition for substitution of successor owner, as required by Federal Housing Authority, in order to have the priorities transferred to the corporation, and was authorized to sign contracts with contractors for the purpose of constructing two four-flat buildings in Maywood and the improvement of the above-mentioned subdivision in Bell which had been acquired through plaintiff's option.

Plaintiff had options on other properties that were purchased in the name of Hillman Land Company and several parcels were otherwise obtained by plaintiff for the company. An oral agreement similar to that entered into in reference to the parcel first above mentioned was made among the three individual parties as to each of the tracts purchased; Koch and Spiegelman were to provide the funds in equal shares for the purchase and development of each property, plaintiff was to furnish his services as before, and the profits were to be divided equally among plaintiff, Koch and Spiegelman.

Pursuant to the oral agreement plaintiff used his best efforts as provided therein and performed all the terms of the agreement on his part to be performed except insofar as he was prevented by defendants.

Defendants and each of them without cause have failed, refused and neglected to carry out and perform the terms of the agreement on their part; they have failed and refused (a) to issue to plaintiff a one-third interest in or any part of the stock in Hillman Land Company; (b) to recognize plaintiff's right to any interest in the company; (c) to continue the construction of buildings agreed to be erected on the properties; (d) in some instances to commence construction work or to develop and subdivide properties although the necessary materials, contracts, plans and contractors have been available; (e) defendants have attempted by a cessation of work in connection with the development of the properties to force plaintiff to relinquish and release his share in the company, in his one-third stock interest therein and in the profits which might have been realized from said ventures; about January 13, 1946, defendants without notice, authority

or cause purported to remove plaintiff as a director and officer of the company, and since January 16, 1946, have refused to permit plaintiff to have access to or the use of the corporation's offices, or to give plaintiff an accounting or any information concerning the business of the company.

Defendants Koch and Spiegelman have mismanaged the company and are threatening to continue to do so in the future, in that without cause they have ordered the cessation of construction on some of the properties; have failed to start construction on others; have used the services of a contractor hired by the company to do their personal work; have used a truck belonging to Merit Finance Corporation for their personal business; are planning to sell some of the property for less than its reasonable market value; are purporting to be operating the company under a spurious set of bylaws; have used for their personal benefit and not for the business of the company seven carloads of lumber which plaintiff had in the name of Merit Finance Corporation.

Plaintiff has at all times been and is ready, able and willing to perform all the terms of the oral agreement between himself and Koch and Spiegelman. By reason of the acts of the defendants great and irreparable harm and injury have been caused and will be caused to plaintiff.

(b) Second cause of action. As a separate cause of action plaintiff recites by reference the allegations contained in the first count and alleges: About January 4, 1946, he notified defendants orally of his rescission of parts of the oral agreement entered into in March, 1945, between himself, Koch and Spiegelman relating to certain of the properties described in the first cause of action and offered to reimburse defendants for what they had paid therefor, including escrow and title expenses and all improvements made by them, and offered to deposit in court such sum as the court should find to equal the amount required for such reimbursement; title to each of the properties was vested in or controlled by plaintiff prior to the transfer thereof to Koch and Spiegelman or to Hillman Land Company; plaintiff received no consideration for the transfers to defendants other than the latters' promises and agreements contained in the oral agreement above outlined; defendants have failed and refused to continue with the agreement or to abide by it; plaintiff has received nothing of value from defendants in connection with the properties concerning which the notice of rescission was given.

The foregoing allegations constitute the basis of plaintiff's effort to recover from defendants. The only question to be determined is whether the amended complaint, or either cause of action therein, states facts sufficient to constitute a cause of action against the corporation or against defendants Koch and Spiegelman.

2. *Alleged defects in amended complaint.* Defendants contend that the pleading is fatally defective and cannot be amended to state a cause of action. Plaintiff concedes that there are uncertainties but maintains that they can be cured. We have concluded that each count states a cause of action and that the court erred in sustaining the demurrer solely on the ground that insufficient facts were alleged and that it abused its discretion in refusing leave to amend. Plaintiff should be allowed the opportunity to make certain such allegations as now appear to be uncertain, if any there be.

Unless it is clear that a complaint does not state a cause of action and cannot be so amended as to obviate the objections thereto it is error to refuse permission to amend. (*Hamer* v. *Ellis,* 40 Cal.App. 57, 59 [180 P. 30]; *Payne* v. *Baehr,* 153 Cal. 441, 447 [95 P. 895]; *Schaake* v. *Eagle Automatic Can Co.,* 135 Cal. 472, 480 [63 P. 1025, 67 P. 759].)

The allegations are that plaintiff parted with value; he transferred or caused Merit Finance Corporation, wholly owned by him, to transfer options on real property to Hillman Land Company which it purchased; plaintiff and his personally owned corporation assigned priorities for construction materials and he performed services for defendants; Hillman Land Company and Koch and Spiegelman acquired real property, they acquired priorities that they would have been unable to obtain but for plaintiff's assignments, and they had the benefit of plaintiff's services; plaintiff received nothing in return; defendants still retain the property and refuse to account to plaintiff for it or for any profits arising from their joint transactions.

In count 1 plaintiff seeks an accounting and to recover damages for the loss which he sustained by defendants' actions and the value of his interest in the property; in count 2 he asks a rescission of his agreement with defendants as to several of the properties on the ground that defendants failed to fulfill their obligations thereunder.

The court did not rule upon any alleged uncertainties or ambiguities in the pleading but held that a cause of action

was not stated in either count of the amended complaint. An abuse of discretion in the refusal of leave to amend, although permission so to do was requested by plaintiff's counsel during the argument, appears from the face of the record. The trial judge stated in making his ruling on the demurrer that plaintiff had a cause of action against defendants and would be able to state it, not in this case but in another which the court inferentially suggested should be filed. He expressed the view that it would be impossible "to work out a proper solution on the pleading" and at the same time suggested the commencement of a new action that would plead plaintiff's cause of action. Again the court stated that "it may be possible to state a case, and there is time to do that, since apparently the statute has not run." Nothing appears in the record to indicate why a cause of action could be stated in a complaint in a new proceeding but could not be as well set forth in an amendment to the pleading already on file. There is no suggestion that in a new action the facts upon which plaintiff relies would be different from those now before the court—merely that the same facts would be stated in a different manner and with more certainty.

During the argument plaintiff's counsel, who then represented him but who does not represent him on this appeal, stated in apparent good faith, and his present counsel likewise assert in their argument before this court that some objections offered against the sufficiency of the amended complaint refer to allegations that are imperfectly pleaded, that amendments can be made to meet those objections and that none of the defects are fatal to plaintiff's right to recover. Plaintiff maintains and we agree that other objections are without merit.

(a) The first objection relates to the allegation that plaintiff had an option in writing in the name of Merit Finance Corporation which was wholly owned by him. This averment is clear, certain and unambiguous. If the allegation is true plaintiff had control and direction of the corporation and of its affairs and was able to cause it to make the assignments which he agreed to make. Furthermore, it is common knowledge that for personal reasons many individuals own property which stands in the name of a corporation or of another person and which can be transferred at the behest of the true owner. It is also a common occurrence that a person will make an agreement to convey property which he does

not own but which he expects to acquire in sufficient time to comply with his contract. In either event, if he provides a conveyance according to his agreement the other party has no cause to complain, and if he is unable to do what he agreed to do he is liable in damages to the other party.

It is pleaded that Merit Finance Corporation in fact did make the assignments of options and priorities in accordance with plaintiff's agreement. Since defendants received what plaintiff agreed to transfer they are not in a position to refuse to perform their part of the contract. No valid objection is available as to the manner in which the facts of former ownership are pleaded.

(b) It is contended by defendants that it can be construed from the allegations of the amended complaint that the partnership or joint venture agreement originally entered into between plaintiff on the one hand and Koch and Spiegelman on the other was cancelled when defendant Hillman Land Company was organized, and that as a consequence there is no longer any individual liability on the part of Koch and Spiegelman. No such construction can be placed on the pleading. Plaintiff's counsel stated during the argument in the lower court that the parties did not contemplate or agree that the partnership would be dissolved when the corporation began to function, but that the corporation was to exist for limited purposes only and that it was to be an instrumentality of the partnership, the obligations of the individuals to remain binding upon them. While we find no reason for construing the allegation according to defendants' contention, plaintiff should have been permitted to amend if he considered it necessary. It cannot be assumed or inferred from the allegations in the pleading that the partnership was dissolved or that it was intended that the obligations of Koch and Spiegelman to plaintiff would be terminated by reason of the incorporation of Hillman Land Company.

Although a corporation is usually an entity separate and distinct from its stockholders, having separate and distinct liabilities and obligations, yet when it is necessary to redress fraud, to protect the rights of third persons, or to prevent injustice, both the law and equity will cast aside the legal fiction of individual corporate existence as distinguished from those who own its capital stock and deal with the corporation and its stockholders as identical entities with identical duties and obligations. A corporation may be but the mere

instrumentality through which, for their convenience, the individuals who own all the capital stock transact their business. Looking to substance rather than to form the law and equity will hold the corporation obligated for the acts of the sole owners of its stock. (*Wenban Estate, Inc.* v. *Hewlett*, 193 Cal. 675, 696 [227 P. 723]; *Minifie* v. *Rowley*, 187 Cal. 481, 487 [202 P. 673].)

(c) It is alleged that it was agreed that upon the incorporation of Hillman Land Company the capital stock would be issued in equal shares to Koch and Spiegelman, and that regardless of the number of shares issued, profits and voting power would be equally divided, one-third each among plaintiff, Koch and Spiegelman. Obviously, plaintiff would have no voting power in the corporation unless he owned capital stock therein. Since it appears from the entire pleading that the corporation was merely an instrumentality of the partnership or joint venture consisting of the three individuals, plaintiff, though not entitled to vote in the corporation until he acquired the capital stock that Koch and Spiegelman agreed to transfer to him, would be entitled to his share of the profits derived from the corporate transactions. He is seeking no greater relief by this action.

Plaintiff does not ask that the corporation be required to issue stock to him without lawful consideration or that any of the defendants do anything in violation of the corporation law. Koch and Spiegelman promised, according to the pleading, to pay for the stock and to assign one-third of it to plaintiff in consideration for what he had done and had agreed to do. Plaintiff is therefore entitled to have issued to him one-third of the capital stock that was originally issued to Koch and Spiegelman. He is entitled to a declaration of his interest in the assets of the corporation since his allegations are that the only assets it possessed were those transferred to it by him and through his instrumentality, excepting only the money paid to the corporation or for its benefit by Koch and Spiegelman, and he is entitled to an accounting and to recover such amount as the court finds he is entitled to receive as a result of taking an account.

Where a corporation is the instrumentality of individuals who control the conduct of its affairs and where the interests of third parties are not affected, the corporation is treated as the mere agency of the associates created for the sake of convenience in carrying out an agreement made before

the corporation was organized. (*Conover* v. *Smith*, 83 Cal. App. 227, 231 [256 P. 835].)

(d) Objection is made to the second cause of action alleging that plaintiff rescinded the original agreement as to four of the properties described in the amended complaint, defendants' contention being that he is not entitled to both rescission and damages. Plaintiff makes no allegation in the second count that he has been damaged. We find no conflict between the second cause of action seeking rescission and the first count alleging that he has been damaged. When the evidence is before the court appropriate relief can be granted.

(e) Defendants' final contention is that the original agreement set forth in the amended complaint is uncertain in that it did not specify the exact number of houses to be built on some of the tracts acquired under the agreement. For example, as to the tract first purchased pursuant to plaintiff's option it is alleged that the parties agreed that they would construct about 30 three-bedroom houses. Defendants contend that since the exact number of houses to be constructed was not stated the agreement is so indefinite as to be unenforceable. It is obvious that the number to be erected would depend upon the building and zoning laws and regulations and upon the portion of the property that would be required to be dedicated for street purposes. When these conditions became definitely known more or fewer than 30 dwellings might have been permissible. Such objections are hypertechnical and are without merit.

The cases cited, wherein an agreement was "to do the street work" or where parties agreed to "use our best endeavors" to sell property, have no application here.

Plaintiff's contention is that he has parted with options, property and priorities and has performed services for which he has received no compensation; Koch and Spiegelman own the issued capital stock of Hillman Land Company and through its instrumentality own and have possession of the various properties described and refuse to admit plaintiff to his rights therein.

Each count of the amended complaint clearly states a cause of action. We do not express an opinion as to whether there are allegations that are uncertain or ambiguous since that question is not before us. If such be the case appropriate amendments may be made. Plaintiff should not be deprived by technical but curable defects of the privilege of presenting

his case on its merits. He is entitled to the opportunity of making definite such allegations in his pleading as are indefinite, if there be any.

Judgment reversed with instructions to vacate the order denying the privilege of amending and to allow plaintiff to amend in such particulars as he desires.

McComb, J., concurred.

MOORE, P. J.—I concur in all that is said by Justice Wilson. However, the implied concession that the special demurrer might have merit invites my protest. This appeal presents a classic illustration of the law's delays. The amended complaint sets forth facts which should jar the conscience of even the accused persons, yet they contend with a bold disdain that the pleading is wholly inadequate and follow with a series of hypertechnical special demurrers, the majority of which are wholly without merit. Inasmuch as the judge who sustained the objection to all evidence effectually overruled the order of his colleague who had theretofore in the "Writs and Receivers" department overruled all demurrers including the special as well as the general, future proceedings might be simplified by a few observations upon the criticisms of the amended complaint.

With reference to paragraph III, defendants say it is uncertain how plaintiff could have an option on the land while the option was in the name of the Merit Finance Corporation. The very same paragraph alleges that such corporation is wholly owned by plaintiff. The same is true with reference to the alleged uncertainty as to how plaintiff could have priorities in the name of the same corporation. As to the attack upon paragraph IV, the phrase "certain priorities for various construction materials etc.," has a meaning in the law which was comprehended by defendants who accepted such priorities as a part of the consideration for their investment.

Referring to the criticism of paragraph V, as to "how a third of the capital stock . . . would be issued to plaintiff if plaintiff were to receive only one-third of the profit of the transaction, and not to receive one-third of the capital invested," the pleading alleged that it was agreed that stock in defendant corporation would be issued forthwith, after incorporation, to plaintiff, Koch and Spiegelman in equal shares,

and that regardless of the number of the shares issued, profits and voting power would be equally shared and divided ''one-third each among'' the contracting parties. The criticism as to whether an application was made to the Corporation Commissioner for a permit for plaintiff to issue one-third of the capital stock or was ever granted to the corporation is to disregard the law. It is presumed that defendants had performed their legal duty by obtaining a permit from the Corporation Commissioner for the issuance of the corporate shares. The criticism that permission was never sought or granted for the commissioner to authorize the corporation to give plaintiff one-third of the profits and one-third of the voting power is immaterial. Under the contract defendant corporation became an agency of the three contracting parties, and by the terms of their agreement the corporation was authorized to divide the profits among the three organizers who were and are its only shareholders. The point that if the title to the property was vested in the corporation how the corporation would not share in the profits is answered by the fact that the corporation was nothing more than an instrumentality of the three organizers. The criticism that the commissioner did not give his permission to the corporation to conduct its business as described is without basis for the reason that the commissioner's authorization is not essential to the validity of corporate acts, except that it is necessary only to authorize the issuance of securities and to require a corporation to comply with the terms of its permit.

The criticism that the pleading does not allege the cost of 30 three-bedroom houses does not take into account the terms of the contract whereby such cost is to be determined by the three contracting parties of which defendants constituted a majority. The criticism that the pleading does not allege who would determine whether it would be permissible to sell the houses for $10,000 each is answered by the allegations of the pleading that ''voting power would be equally shared among the three contracting parties.'' The criticism that the phrase ''approximately $10,000 each'' has no certain meaning is answered by the fact that the ability to sell a house at any price had to be determined by the same three as contracting parties or as directors of the corporation, the defendants Koch and Spiegelman constituting the control thereof. The criticism that the pleading does not disclose how much capital Koch and Spiegelman would be obliged to

contribute and whether it would be contributed or loaned is answered by the allegation that those defendants "would contribute as capital to Hillman Land Company in equal shares of one half each the money required for such development . . . and that the profits and voting control . . . would be equally divided one-third each among plaintiff, Koch and Spiegelman." Defendants know that capital is always contributed, not loaned. If money is loaned to a corporation a debt is thereby created.

The criticism of paragraph VII that the pleading does not allege how many years land purchased by the corporation would be subject to the oral agreement is answered by the pleaded facts that a corporation was organized, that it presumptively kept a record of its acts, and that the oral agreement of the parties would be evidenced by corporate records. The criticism that the pleading does not allege who would decide what land would be purchased or how it would be improved is answered by the pleading and by the law that all decisions of the corporation would be made by a majority of the directors.

The criticism that paragraph IX does not allege what land is referred to is answered by the phrase "said property," which can have reference to no property other than the property acquired by defendant corporation.

The criticism of paragraph XIII, that the meaning of the clause "that the land would be subdivided into about 48 separate lots," is answered by the allegations that the tract would be subdivided, requiring streets to be laid out. The necessary inference from such a covenant is that the exact number of lots had not been computed, leaving a margin of freedom of judgment for those who should make final decision. But it is patent that whatever determination should be reached upon such a matter would be derived by at least two of the contracting parties. The same is true with reference to the criticism that the "type" of streets, sewers and other utilities is not alleged or the cost or size or quality of construction of the 48 separate dwellings.

The foregoing will serve to illustrate the nature of the demurrer for want of uncertainty which continues similarly as to the remaining paragraphs of the pleading. In granting a nonsuit the court below did not rule upon the special demurrer. The foregoing is the first judicial comment of record upon its merits. Because the trial court entertained the

opinion that plaintiff's cause, though meritorious, should be attempted on some other theory or at least in a different action, the general demurrer was sustained by the process of excluding all evidence. If plaintiff's facts entitled him to relief he should not thus be expelled by a chancellor whose sacred duty is to see that the "king's subjects" are not turned away if the bill by which the litigant comes may be so framed as to warrant relief in equity. Justice delayed is justice denied. Plaintiff's pleading outlined a series of events whereby it appears that he was in possession of options to purchase desirable lands for subdivision and development for profit. Also, he had acquired priorities for the essential building materials. These were valuable property rights which by plaintiff's agreement with Koch and Spiegelman they acknowledged and of which, by the contract, they obtained control. They then ruthlessly excluded him from participation in the ownership of his own valuable property and its increment. To allow such conduct to go unrestrained by necessitating long delays incident to an appeal is to give encouragement to the actor with the stronger hand.