[Civ. No. 3691. Fourth Dist. June 25, 1948.]

STEPHEN A. COMPAS et al., Appellants, v. ESCONDIDO MUTUAL WATER COMPANY (a Corporation) et al., Respondents.

Phil D. Swing and C. H. Scharnikow for Appellants.

Eugene Glenn, Donald B. White and Gray, Cary, Ames & Driscoll for Respondents.

MUSSELL, J. pro tem.—This is an appeal by the plaintiffs from judgments of dismissal entered after sustaining the separate demurrers of the defendants to plaintiffs' second amended complaint without leave to amend.

There are three causes of action alleged in the complaint. In the first cause it is alleged in substance that in March, 1945, the plaintiffs purchased certain real property, described therein, from the defendants Charles F. Meyer and Myra C. Meyer, his wife. The defendant Myra C. Meyer died after the commencement of this action and the defendant Charles F. Meyer as executor was substituted as defendant in her place. Defendants Charles F. Meyer and Charles F. Meyer, as executor, will hereafter be referred to as the "defendants Meyer."

It is further alleged that the defendant Escondido Mutual Water Company, a corporation, hereinafter referred to as the "water company," is the owner of certain land lying immediately adjacent on the east to a portion of the land thus purchased by plaintiffs; that before plaintiffs purchased the property there had been constructed thereon by the Meyers a substantial and costly residence; that before the plaintiffs purchased the property the defendants pointed out to the plaintiffs a certain fence running in a northerly and southerly direction in the vicinity of and to the east of the resi-

dence, and represented to the plaintiffs that this fence was the easterly boundary line of a portion of the property and that the residence was entirely located west of this boundary line and entirely within and on the land to be purchased; that the plaintiffs believed and relied upon these representations and were thereby induced to purchase the property and to spend large sums of money in improvements, and that the plaintiffs would not have purchased the property, nor have spent any money in its improvement, except for these representations.

It is further alleged in the first cause of action, upon information and belief, that at the time of the erection of the residence in June, 1942, by defendants Meyer, the defendant water company was aware of and had knowledge of the construction of the residence by the defendants Meyer, and was at all times aware of and had knowledge of the exact site, place and location of its erection; that the defendant water company did not at any time object to the construction of the residence in the location where it was erected; and that it permitted them to expend large sums of money in the construction of the residence without objection and without any notice or claim of any kind that it was being constructed either wholly or in part upon the lands owned or claimed by the water company.

It is then alleged in the first cause of action that an actual controversy has arisen and now exists between plaintiffs as successors in interest of the Meyers on the one hand and the water company on the other relating to the true location of the residence, and relating to the true location of the boundary line between the properties. It is alleged that plaintiffs contend that the true and correct easterly boundary line is where it was represented to plaintiffs to be by the defendants Meyer, namely, east of the residence, and that the residence is located entirely within and upon a portion of the property purchased by the plaintiffs. It is alleged that the water company contends that the residence extends over onto and upon the adjacent land owned by the water company.

It is further alleged that the defendants Meyer are joined as defendants for the reason that their interests and their liabilities to the plaintiffs arising out of the sale by them to the plaintiffs of the property, and their representations to plaintiffs as to the location of the boundary line and the location of the residence may be affected by the determination

of the controversy between plaintiffs and the water company, and that their interests and liabilities will necessarily be affected if the residence extends over onto the land of the water company, in that if the residence is not entirely within and upon the land purchased by plaintiffs from them, and is either wholly or partly upon the adjacent land of the water company, plaintiffs have suffered damages thereby.

The second cause of action, after referring to the purchase of the property by the plaintiffs from the defendants Meyer, alleges the representations of the defendants concerning the location of the boundary line and of the residence, and the plaintiffs' reliance upon those representations, and then alleges that the statements and representations so made to the plaintiffs by the defendants Meyer were false and untrue, and were known to be false and untrue by the defendants Meyer; that in truth and in fact the easterly boundary line of the portion of the property involved was and is westerly of the place where it was represented to be by the defendants Meyer, and in truth and in fact it intersects and divides the residence which the plaintiffs understood and believed was located upon the property being purchased from the defendants Meyer, and that a portion of the residence extends over onto the land of the water company by reason of which plaintiffs have been damaged in the sum of $50,000.

The third cause of action is a statement of a cause of action to quiet title to the real property upon which the residence is located. It is in the usual form of such actions and is against all the defendants.

The defendants demurred to the complaint both generally and specially. The trial court sustained the demurrers to each cause of action, without leave to amend, and separate judgments of dismissal were entered in favor of the defendants.

It is the contention of the plaintiffs that the first cause of action states a cause of action against both defendants.

■ A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court. (Code Civ. Proc., § 1060; *Maguire* v. *Hibernia Savings & Loan Society,* 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L..R. 1062]; *Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747].)

The allegations in the first cause of action of the complaint state a cause of action for declaratory relief and meet the requirements of the statute.

The second contention of plaintiffs is that the second cause of action states a cause of action against the defendants Meyer. This cause of action is for damages for fraud.

The essential averments in pleading fraud are stated in California Jurisprudence as follows:

"The pleadings must, of course, show the fraudulent representations; that they were known by the defendant to be false or were made under circumstances not warranted by his knowledge; that they were actually false; that they were made with intent to deceive the plaintiff, or with intent to induce him to enter the transaction; that the plaintiff relied upon the representations, believing them to be true; and that he was injured." (12 Cal.Jur. 806.) (*Cohen* v. *Metropolitan Life Ins. Co.*, 32 Cal.App.2d 337, 348 [89 P.2d 732].)

Defendants argue that the allegations of the second cause of action do not show that plaintiffs suffered damage as a result of the alleged false representations and that there is no allegation that plaintiffs have been damaged as a result of the false representations. The allegations of this cause of action are sufficient to meet the requirements as against a general demurrer and the objections urged by defendants could be obviated by amendment.

The third cause of action is a sufficient statement of a cause of action against both defendants to quiet title to the portion of the property upon which the residence is claimed to be and contains the usual and customary allegations in such an action.

It has been held that in a complaint to quiet title it is sufficient to allege that plaintiff is the owner of certain described property, that the defendant claims an interest therein adverse to plaintiff, and that such claim is without right. (22 Cal.Jur. 146; *Williams* v. *San Francisco*, 24 Cal.App.2d 630, 633 [76 P.2d 182].)

Facts sufficient to state a cause of action were alleged in each of the three counts of the second amended complaint herein and the general demurrers should not have been sustained without leave to amend. The objections to the complaint raised by special demurrers could have been obviated by amendment and permission should have been granted to plaintiffs to file an amended complaint.

In *Hillman* v. *Hillman Land Co.*, 81 Cal.App.2d 174, 181 [183 P.2d 730], it was said: "Unless it is clear that a complaint does not state a cause of action and cannot be so amended as to obviate the objections thereto it is error to refuse permission to amend. (*Hamer* v. *Ellis*, 40 Cal.App. 57, 59 [180 P. 30]. Citing cases.)

And in *Lord* v. *Garland*, 27 Cal.2d 840 at 854 [168 P.2d 5], the court said: "Moreover, a demurrer upon the ground of improper joinder of causes of action in the same complaint should not be sustained without leave to amend when it appears that the defect can be cured by amendment."

The judgments are reversed.

Barnard, P. J., and Griffin, J., concurred.