[Civ. No. 26938. Second Dist., Div. Two. June 19, 1963.]

DAVID E. LESPERANCE, Plaintiff and Appellant, v. NORTH AMERICAN AVIATION, INC., Defendant and Respondent.

338

David E. Lesperance, in pro. per., for Plaintiff and Appellant.

Flint & MacKay, Philip M. Battaglia and Edwin Freston for Defendant and Respondent.

FOX, P. J.—A general demurrer to plaintiff's second amended complaint was sustained without leave to amend. He has appealed from the ensuing judgment of dismissal.

Plaintiff's grievance grows out of the termination of his employment by the Rocketdyne Division of North American Aviation. Appearing in propria persona he seeks to recover damages for defamation, interference with contract rights, mental anguish, maintenance of a plant with improper working conditions, fraud, false representations, and conspiracy.

The first and second causes of action may be considered together since they essentially deal with the same aspect of plaintiff's grievance, the first seven paragraphs of plaintiff's first cause of action being incorporated in his second cause of action.

Plaintiff alleges that he was employed by Rocketdyne as a technical writer from October 1955 to June 1956; that he was reemployed by Rocketdyne on October 10, 1956, until his employment was terminated by Rocketdyne as of May 3, 1957.

He alleges, *inter alia,* that on or about April 14, 1957, his supervisor informed him that he, plaintiff, was suffering from mental illness and ordered plaintiff to take two weeks off with pay and six months off without pay and during such time said supervisor ordered him to see a psychiatrist; that as a consequence plaintiff did not subsequently report to work; that on or about May 7, 1957, he received notice from Rocketdyne informing him of the termination of his employment as of May 3. Although plaintiff does not have this termination statement, he alleges on information and belief that it contained the following:

"Resigned, not Discharged

"Reason for Termination: 17B, Absent 5 days without notification

"Eligible for Rehire: Yes."

Plaintiff further alleges that thereafter a prospective employer wrote a letter to defendant requesting a statement as to why his employment with the Rocketdyne Division of North American was terminated; that in reply to said letter defendant advised that "David E. Lesperance was terminated from his employment with this company as a result of 5 consecutive working days' absence without notification to the company." He then alleges that in omitting to mention that his termination was completely voluntary, defendant's statement created a false impression that the termination of his employment with defendant was involuntary. He also alleges that defendant acted with malice toward him and with the intent and design to injure, disgrace and defame him and that as a proximate result thereof he has been unable to obtain gainful employment as a technical writer to his substantial damage.

Examination of the clerk's transcript reveals that this cause of action is simply a revision and enlargement of the allegations contained in the first cause of action in plaintiff's first amended complaint but with the omission of the allegation that defendant's report *re* termination of his employment with defendant was made to Lockheed Aircraft Co., Sunnyvale, California, on or about February 1, 1959, in response to a prior written inquiry from the latter company.[1]

---

[1] Facts once alleged may not be withdrawn from the court's later consideration by merely filing another pleading omitting them without explanation. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358].) Accordingly, in passing on the sufficiency of this cause of action, the court was entitled to examine and consider the allegations with respect to this cause of

Plaintiff's second cause of action charges defendant with malicious interference with an employment opportunity by furnishing his employer or prospective employer the above information relative to the termination of plaintiff's employment with defendant.

Examination of the corresponding cause of action in plaintiff's first amended complaint discloses that this report was made to the Frank Mayer Engineering Company of Culver City, California, in response to a request in writing from that concern as to why plaintiff's employment with the Rocketdyne Division of defendant was terminated. This report by defendant is alleged to have been made on or about October 1, 1959.

It is apparent from the face of plaintiff's second amended complaint that a qualified privilege is shown in defendant in making the challenged report in reference to the termination of plaintiff's employment with defendant. The pleading shows (when examined in the light of the earlier pleading— see footnote 1, *supra*) that defendant made its report in response to an inquiry from other actual or potential employers of plaintiff. This brings these causes of action within the purview of Civil Code section 47, subdivision 3[2] if made without malice. "In such a case malice becomes the gist of the action and it must exist *as a fact* before the cause of action will lie. . . . Hence, where the complaint discloses a case of qualified privilege, no malice is presumed[3] and in order to state a cause of action the pleading must contain affirmative allegations of *malice in fact*." (*Locke* v. *Mitchell*, 7 Cal.2d 599, 602 [61 P.2d 922].) (Italics added.) This is because "the very privilege creates a presumption that the communication is used innocently and without malice. [Citations.]" (*Jones* v. *Express Pub. Co.*, 87 Cal.App. 246, 256 [262 P. 78].) ▮ To destroy the privilege plaintiff must allege that de-

action in the prior pleading. (*Neal* v. *Bank of America*, 93 Cal.App.2d 678, 683 [209 P.2d 825].)

[2]Civil Code section 47, subdivision 3, provides: "A privileged publication or broadcast is one made—— . . . 3. [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) who is requested by the person interested to give the information."

[3]Civil Code section 48 provides that in the case provided for in Civil Code section 47, subdivision 3, "malice is not inferred from the communication." (Footnote ours.)

fendant entertained toward him a feeling of hatred or ill will " ' . . . going beyond that which the occasion apparently justifies . . . ' " and " ' "different from that which *prima facie* rendered the communication privileged, and being a motive contrary to good morals." ' " (*DeMott* v. *Amalgamated Meat Cutters,* 157 Cal.App.2d 13, 27 [320 P.2d 50] ; cf. Civ. Code, § 48a, subd. 4(d).) Accord: *Everett* v. *California Teachers Assn.,* 208 Cal.App.2d 291, 294-295 [25 Cal. Rptr. 120].)

Plaintiff has set forth *no facts* showing that malice existed on the part of defendant at the time it made its requested reports. His allegations are nothing more than mere conclusions of the pleader. They do not meet on a factual basis the standard established in the above quotation from the *DeMott* case.

From the foregoing it is apparent that plaintiff has not alleged a justiciable cause of action in either his first or second asserted causes of action.

Plaintiff's third and fourth causes of action are based upon alleged defamatory statements made and published in the course of a judicial proceeding. In particular, the third cause of action is based on the following statement contained in defendant's points and authorities filed in support of the demurrer to the original complaint: "No California authority found has thus held language defamatory per se which on its face fell short of charging incompetency, or 'reprehensible' conduct. The statement that a plaintiff was 'discharged for good and sufficient reasons' is not defamatory per se in this State. And the cases from other jurisdictions make it clear that merely stating as in the instant case that a plaintiff was discharged for 'not performing his job satisfactorily' which on its face falls short of charging incompetency, is not defamatory per se. Such words of necessity require the pleading of explanatory matter and extrinsic facts, innuendo and inducement, to give them a defamatory meaning."

The fourth cause of action is based on statements made during the course of argument by defendant's counsel at the hearing on its demurrer to the first amended complaint.

That neither of these alleged causes of action states any ground for recovery is settled in this state by both statutory enactment and the cases. In *Albertson* v. *Raboff,* 46 Cal.2d 375 [295 P.2d 405], the court stated at p. 379: ". . . [S]ubdivision 2 of section 47 [Civil Code] states the long estab-

lished rule that publications made in the course of a judicial proceeding are absolutely privileged. [Citations.]''

The gravamen of plaintiff's fifth cause of action is: ''That the plaintiff, as a direct result of the work he was doing at Rocketdyne, became mentally ill. And that such mental illness was entirely due to the acts and negligence of the defendant. And that defendant had a duty to provide plaintiff with working conditions free of serious mental hazards, and that the defendant failed to perform that duty through his [sic] acts and negligence. And that the defendant sufferred [sic] and encouraged conditions that were intrinsically mentally disturbing to exist. And that, plaintiff having become mentally ill, defendant maliciously and wilfully agravated [sic] that mental illness.'' It is apparent from a mere reading of this paragraph that no *facts* are stated upon which to predicate liability for defendant's mental condition. The allegations are all of a conclusionary character. This pleading violates the basic concept of code pleading stated in section 426, subdivision 2, Code of Civil Procedure: ''The complaint must contain: . . . 2. A statement of the *facts* constituting the cause of action, in ordinary and concise language;'' (italics added). This principle is succinctly stated in *Vilardo* v. *County of Sacramento,* 54 Cal.App.2d 413 [129 P.2d 165], where the court stated at page 418: ''It is elementary that a pleading must allege facts and not conclusions; . . .'' It is apparent that plaintiff has failed to meet these essential requirements in his alleged fifth cause of action.

Plaintiff's sixth cause of action is akin to his fifth. As a basis for establishing liability on the part of defendant for his condition, plaintiff alleges: ''That defendant has sufferred [sic] and encouraged the rumor to be spread abroad that the defendant will do everything the defendant can to 'get even' with a person the defendant feels inimical to; specifically, the defendant will use its influence to prevent such a person from being employed in the aircraft industry, or elsewhere. This the defendant will do by the malicious distortion of facts.

''Plaintiff, believing these rumors, sufferred [sic] great mental anguish, anxiety, and mental illness. And plaintiff thereby refrained from applying for many jobs, for which he was amply qualified by reason of training and experience, and which under normal circumstances he would have ob-

tained. And if plaintiff did apply for said jobs, his obvious anxiety prevented him from being employed. And if he was employed, his anxiety affected his efficiency on the job to a great degree.'' It is apparent that this cause of action is subject to the same fundamental defects that we pointed out with respect to the fifth cause of action. In addition, there is no allegation that any specific act on the part of defendant was a proximate cause of any compensable detriment suffered by plaintiff. Plainly, this count does not state a cause of action.

Plaintiff's ninth[4] cause of action is on the theory of alleged fraud and deceit on the part of defendant. Plaintiff alleges: ''That the termination statement sent to plaintiff by defendant was framed in a misleading way by defendant; that the defendant intended to deceive plaintiff to plaintiff's damage, and did so deceive plaintiff. That the termination statement is false in the whole tenor of its content; that the notation 'Eligible for Rehire: Yes' is false; that both the tenor of this termination statement, and the specific instance plaintiff just mentioned, are false, and were known to be false when defendant made these statements.

''That plaintiff relied on these representations, and was injured thereby; and that such reliance was fully justifiable.''

Apropos the sufficiency of a pleading in fraud actions are the observations of Mr. Witkin in 2 Witkin, California Procedure, page 1327: ''Fraud actions have been classed as 'disfavored,' and are subject to strict requirements of particularity in pleading. The idea seems to be that allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense. Accordingly the rule is everywhere followed that fraud must be specifically pleaded. The effect of this rule is twofold: (a) General pleading of the legal conclusion of 'fraud' is insufficient; the facts constituting the fraud must be alleged. (2) Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically), and the policy of liberal construction of the pleadings (see *supra*, § 209) will not ordinarily be invoked to sustain a pleading defective in any material respect.''

---

[4]In his opening brief plaintiff states that he wishes to remove from consideration on appeal the material which represents his seventh and eighth alleged causes of action.

The elements of a cause of action for damages for fraud and deceit are: (1) Representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; (5) reliance and resulting damage (causation). (2 Witkin, California Procedure, p. 1326; *Compas* v. *Escondido Mutual Water Co.,* 86 Cal.App.2d 407, 411 [194 P.2d 785].) In order to state a cause of action it is necessary for a plaintiff to allege facts which show the existence of each of these elements. Plaintiff has failed to meet this essential requirement. He fails to allege in what way he was damaged. ■ His asserted injury or damage must not only be directly alleged but its causal connection with his reliance on defendant's representations must be shown. (*Maynes* v. *Angeles Mesa Land Co.,* 10 Cal.2d 587, 589 [76 P.2d 109].) The principle is succinctly stated in *Woodson* v. *Winchester,* 16 Cal.App. 472 [117 P. 565]: "It must be shown in the pleading that the damage claimed was sustained by reason of the fraud and should show the relation between the fraud and the damage alleged; that is, it must appear that the fraud and the damage sustain to each other the relation of cause and effect. [Citation.]" (Pp. 476-477.) ■ It is thus apparent that this count fails to state a sufficient basis for any relief against defendant on the theory of fraud and deceit.

Plaintiff's tenth alleged cause of action is on the theory that North American and one or more fictitious and unidentified defendants, because of their animosity toward plaintiff, entered into a conspiracy to cause plaintiff's employment at Rocketdyne to be terminated; that they acted on behalf of North American and terminated his said employment. Rocketdyne, it will be recalled, is a division of North American.

■ The principles here apposite are stated in *Vargas* v. *Giacosa,* 121 Cal.App.2d 521 [263 P.2d 840], at p. 524: " 'It is well settled that a conspiracy cannot be made the subject of a civil action unless something is done which without the conspiracy would give a right of action. The damage is the gist of the action, not the conspiracy. [Citations.] It is the wrong done and the damage suffered pursuant to the conspiracy which is the cause of action, rather than the conspiracy itself. [Citation.]' (*Wallace* v. *Kerr,* 42 Cal.App.2d 182, 184-185 [108 P.2d 754].) ■ 'As the cause of action is for the damage suffered and not the mere conspiracy, the complaint must state facts which show that a civil wrong was done result-

ing in damages.' (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 488 [110 P.2d 396].)'' To state a cause of action on the theory of conspiracy the pleaded facts must ''show something was done which, without the conspiracy, would give rise to a right of action.'' (*Agnew* v. *Parks,* 172 Cal.App.2d 756, 762 [343 P.2d 118]); a civil wrong must have been committed resulting in damages. (*Id.*) ''[A]n evil motive which may inspire the doing of an act not unlawful will not of itself make the act unlawful.'' (*Union Labor Hospital Assn.* v. *Vance Redwood Lumber Co.*, 158 Cal. 551, 554 [112 P. 886, 33 L.R.A. N.S. 1034].)

 Applying these principles to the pleading at hand, it is apparent plaintiff does not state a cause of action. Rocketdyne is simply a division or branch of North American. Plaintiff was therefore an employee of North American which, as such employer, had the right (so far as appears) to terminate his services without committing a civil wrong. The fact that North American might have been inspired by animosity toward plaintiff would not have made the termination of plaintiff's services unlawful. The charge of conspiracy does not transform a legal act into a civil wrong.

There are grounds other than those discussed herein for sustaining the action of the trial court but in view of what we have said discussion of them is unnecessary.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.