Opinion
COLE, P. J.
Plaintiff-appellant Sanders sued Ford Motor Company (Ford) and others. In the first count of his complaint he sought recovery against Ford and one of its dealers for alleged fraud and misrepresentation in connection with the braking system of a Ford automobile purchased by appellant in 1972.
*Supp. 45 The action is subject to the Pilot. Project for Economical Litigation (hereafter ELP) applicable to actions pending in the Municipal Court for the Los Angeles Judicial District. (Code Civ. Proc., § 1823 et seq., and rules 1701-1751,[1] Cal. Rules of Court.)
Section 1825.5 reads, in pertinent part: “No demurrer or pretrial motion shall be used or permitted, except as follows: (a) One motion may be made by the defendant to dismiss the action on the ground . . . that the complaint does not give notice of a claim upon which relief can be granted. . . .” Rule 1717, implementing this statute, said, at the time of the trial court’s ruling “No pretrial motion shall be permitted, except as follows: . . . (b) A motion to dismiss on the ground that the complaint or cross-complaint does not give notice of a claim upon which relief can be granted. . . .”
Respondent filed a notice of motion to dismiss on that stated ground. The court’s minute order (Nov. 6, 1978) reads “Motion granted without prejudice. . . .” That minute order was followed by an order of dismissal of the same date, signed by the judge, which says “pursuant to the provisions of section 1717B of the Code of Civil Procedure, [the obvious reference should have been to rule 1717 (b)] the within action is dismissed without prejudice as to Ford Motor Co. only.”
In his brief on appeal appellant complains only that the court should have granted him leave to amend. He states that at the hearing on November 6, 1978, the court granted Ford’s motion “without leave to amend,” but also without prejudice. Respondent Ford expressly concurs in this recitation of facts. We assume the facts to be as agreed by the parties.
Appellant’s argument is that the motion to dismiss for failure to state a claim upon which relief can be granted is similar to a demurrer for failure to state facts sufficient to constitute a cause of action. In ruling on such a demurrer in this action, the argument goes, the court would likely grant leave to amend, especially where the demurrer was to the original complaint, as was the case with the motion here. Therefore, he argues, the court here abused its discretion.
Respondent recognizes that under normal rules of California procedure, failure to permit amendment of a complaint defective only as to *Supp. 46 form may constitute an abuse of discretion. However, relying on the section and rule quoted above and on a comment by the advisory committee (found under rule 1713) that “amendments to pleadings are not permitted except as provided by rule 1747” respondent urges that there was no abuse of discretion. The argument is that the trial court simply followed ELP rules. Further, says respondent, appellant is not prejudiced since he can file a new complaint.
In this connection respondent expressly concedes in a letter brief filed with this court that the statute of limitations has been tolled since the commencement of this action and that it will remain tolled until it has finally been disposed of on appeal. Accordingly, respondent states that appellant still will have more than four months in which to file a new action, in the event we affirm the ruling below.
We are not called upon in this appeal to rule whether the trial court was correct in granting the motion to dismiss; appellant’s only contention, as we have said, is that he should have been granted leave to file an amended pleading. We note that the motion to dismiss was predicated simply on the argument that the complaint did not adequately allege the making of a misrepresentation or who made it, items required in a fraud action where a corporation is the defendant. (E.g., Gautier v. General Telephone Co. (1965) 234 Cal.App.2d 302 [44 Cal.Rptr. 404].) Clearly this kind of defect in a pleading is one which the pleader should have an opportunity to correct, if the law does not expressly forbid it.
We reverse the judgment for the following reasons:
1. There is no doubt, as the parties concede, that under the facts here presented it would be an abuse of discretion for a court, not subject to ELP to sustain a demurrer to a complaint under the present circumstances without leave to amend. (See, e.g., 3 Witkin, Cal.Procedure (2d ed.) pp. 2449-2450 and cases cited therein.) Unless the statutes establishing ELP, or the rules implementing it so require, no reason appears to distinguish between litigants subject to ELP and those not.
2. Nothing in the ELP statutes (see text at fn. 1, ante) nor in the rules expressly denies to an ELP court the right to allow amendments to pleadings or amended pleadings. Nevertheless, the comment of the advisory committee to rule 1713 states: “Amendments to pleadings are not permitted except as provided by rule 1747.” (Rule 1747 refers to amendments to conform to proof and is not relevant here.) However, rule *Supp. 47 1713 only states that “The pleadings allowed are complaints, answers, cross-complaints and answers to cross-complaints. The demurrer is not allowed.” The comment of the advisory committee does not appear grounded in the statutes or the rules. We are faced, then, with the following situation: The statute and rules deny the use of demurrers in ELP cases but authorize the making of motions to dismiss. While a number of arguments could be made based on inferences drawn from the statute and the rules,[2] there is no clear directive in the statutes or rules concerning the right to amend pleadings. We need not look to such inferences.
As we discuss shortly (see par. 3, infra) denial of leave to file an amended pleading does not comport with the legislative intent in enacting ELP. Apart from that we note that most commonly a plaintiff does not make a formal motion for leave to amend his complaint if a motion to dismiss is granted, or a demurrer is sustained. The court may assume that the request is made or the plaintiff may make the request orally in court. Accordingly, the omission from rule 1717, as it read at the time the court below ruled in this action, of a motion for leave to file an amended pleading as a permitted pretrial motion, is not significant. This is shown by the fact that, effective July 1, 1979, rule 1717 was amended. It now states in relevant part, “Pretrial motions are permitted subject to the *Supp. 48 following limitations and exceptions: (a) A motion to dismiss may be made on the ground that the complaint or cross-complaint does not give notice of a claim on which relief can be granted. . . .” Nothing in the rule now prohibits a motion for leave to file an amended pleading. There is thus no express prohibition against granting leave to amend when a motion to dismiss on the stated ground is granted.[3]
3. In enacting the statutes establishing ELP the Legislature found and declared that the costs of civil litigation have risen sharply, making it more difficult to enforce smaller valid claims and making it economically disadvantageous to defend against invalid claims. (§ 1823.) The Legislature also stated that it found and declared “. . . that there is a compelling state interest in the development of pleading, pretrial and trial procedures which will reduce the expense of litigation to the litigants. . . . Therefore, the provisions of this part are added to this code to provide a means of experimentation with procedural innovations to reduce the cost of civil litigation.” (Ibid.) The Judicial Council was authorized to make rules for the procedures to be followed and to adopt rules which change or modify the provisions of the statute to implement new or modified procedures. (§ 1823.4.)
The result of the trial court’s order, if affirmed, will be that appellant will not be allowed to pursue his claim against respondent in the present action, but instead will be required to file a new proceeding, itself again subject to ELP. The preparation of the new complaint would not require any more or less time than the preparation of a first amended complaint in the present litigation would require, but appellant would have to pay a new filing fee and serve respondent again, thus incurring substantial additional cost. This event would go directly against the grain of the legislative intent to reduce the cost of civil litigation and to make it easier to enforce smaller claims.
This is particularly so in the instant case where other defendants apart from respondent Ford are still before the trial court. Great duplication of judicial effort and much needless expenditure of attorneys’ time would *Supp. 49 result if a newly filed action against respondent was to be tried separately from the original action still pending. It would be necessary, from a practical view, to move the trial court to consolidate the new action with the old one for trial. That, in itself, involves additional needless time and effort. Once consolidation is accomplished the situation would, for all practical purposes be just the same as if the motion to dismiss had been granted with leave to amend in the first place. Such an order would carry out the legislative intent in the best available way, without doing violence to the stated purpose of reducing the cost of civil litigation in smaller matters. The trial court should have granted appellant leave to file an amended complaint.
The judgment (order of dismissal) is reversed with directions to allow appellant to file a first amended complaint.
Saeta, J., concurred.

 All further references herein to sections are to sections of the Code of Civil Procedure. All further references herein to rules are to the rules relating to ELP.

For instance, rule 1713 states that “complaints” are among the allowed pleadings. Since typically there is only one complaint in an action it could be said that by use of the plural form instead of the singular, the rule contemplates amended complaints.
Also, at the time of the ruling below rule 1717 was cast in negative form. It stated that “[n]o pretrial motion shall be permitted, except as follows:. . . .” There followed a list of 13 permitted motions including, in addition to the motion to dismiss on the ground that the complaint did not give notice of a claim upon which relief could be founded, “a motion pursuant to section 473 of the Code of Civil Procedure.” That section authorizes amendments to pleadings. Such amendments might very well cure defects in an original complaint which preclude it from stating a basis for relief. (That is especially so where fraud is sought to be pleaded, as here, given the importation into ELP by § 1824.1, subd. (e) and rule 1715 (d) of the general rule that the circumstances of the fraud must be stated with particularity.) Thus, unless the rule is to be regarded as making a distinction between allowing motions to file an amendment to a pleading but denying motions to file amended pleadings, which distinction would appear to be extremely arbitrary in the context before us, the allowance of a motion under section 473 can be said to countenance amended pleadings.
Finally, section 1823.5 states that except where changed or modified by the ELP chapter of the statute or by the rules all provisions of law applicable to civil actions generally shall apply to the processing of actions under ELP. Under the law generally applicable, where the trial court states that a plaintiff has a cause of action against a defendant and can state it, but that he must do so in a new action and not by way of filing an amended pleading, judicial discretion is abused. (Hillman v. Hillman Land Co. (1947) 81 Cal.App.2d 174, 182 [183 P.2d 730].) Yet that is precisely what the trial judge did here, denying leave to amend, but granting the motion to dismiss “without prejudice,” thus presumably inviting the filing of a new action.

 Given the experimental nature of ELP (§ 1823) and the provision for the Judicial Council to modify the rules, even in a manner inconsistent with the statute (§ 1823.4) it is proper for us to take the new rule into account in determining this appeal, even though it was not operative at the time the trial court ruled. If the previous rules could have been interpreted to preclude amended pleadings, a point which we need not decide, they clearly do not do so now. It would be pointless for us to apply an outmoded procedural device, experimental at best.